(93 South. 425)

## Ex parte SLOSS–SHEFFIELD STEEL & IRON CO.

## STEAGALL v. SLOSS–SHEFFIELD STEEL & IRON CO.

### (6 Div. 607.)

(Supreme Court of Alabama. April 20, 1922. Rehearing Denied May 18, 1922.)

**1. Master and servant ⬥401—Compensation claimant entitled to judgment on plea admitting essential facts.**

Where defendant employer filed a plea admitting the essential allegations of petitioner's complaint under Workmen's Compensation Act, § 28, and alleging that defendant had been ready to settle at all times according to sections 12b and 13, petitioner was entitled to judgment, though costs might have been imposed for unnecessarily bringing the proceeding.

**2. Master and servant ⬥398—Complaint for compensation for death, not renewed within one year, held barred by limitation.**

Where petitioner, claiming compensation for her husband's death, filed a complaint as provided in Workmen's Compensation Act, § 28, within one year after death, as provided by section 20a, and the complaint was dismissed on technical grounds not affecting the merits, so that the dismissal did not operate as a bar, and there was no reinstatement on appeal by certiorari, a new complaint, filed after the year had elapsed, was barred by limitation, though repetition of the notice provided for in sections 19 and 20 was unnecessary.

Appeal from Petition for Certiorari to Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Proceeding by Sallie Steagall against the Sloss–Sheffield Steel & Iron Company to recover under Alabama Workmen's Compensation Act for death of her husband, Alpha Steagall. From a judgment for petitioner, defendant applies for writ of certiorari to

the circuit court. Writ awarded, and judgment reversed and remanded.

See, also 206 Ala. 488, 90 South. 871.

Tillman, Bradley & Baldwin, of Birmingham, for appellant.

The action was barred by limitation. Acts 1919, p. 224, § 20a.

Hill, Hill, Whiting & Thomas, of Montgomery, and Mathews & Mathews, of Bessemer, for appellee.

Filing of verified complaint within one year after death is compliance with act, and prevents running of statute of limitation. Acts 1919, p. 224; 121 Ala. 519, 25 South. 910, 77 Am. St. Rep. 70; 74 Ala. 150; 65 Ala. 193; 68 Ala. 412. If action was disposed of on any matter not concluding the merits, it might thereafter be seasonably renewed. 120 Ga. 104, 47 S. E. 912, 1 Ann. Cas. 870.

SAYRE, J. Alpha Steagall was killed, March 26, 1920, by an accident arising out of and within the course of his employment by the Sloss-Sheffield Steel & Iron Company, to which we shall refer as defendant. September 14, 1920, Sallie Steagall, his widow, to whom we shall refer as petitioner, filed her petition under the Workmen's Compensation Act, approved August 23, 1919 (Gen. Acts 1919, p. 206), claiming compensation for the death of her husband, alleging that she was the sole surviving dependent of the deceased. This complaint was not verified, as required by section 28 of the act. On October 23, 1920, petitioner, by leave of the court, filed her amended claim or complaint duly verified and in substantial agreement with the provisions of the act. To the complaint thus filed defendant appears to have filed pleas (1) that there was no dispute between petitioner and defendant, that defendant had been ready and willing from the death of deceased to settle with petitioner according to sections 12b and 13 of the act, that the facts were substantially as set forth in the petitioner's petition, and filing therewith in writing a proposed settlement, which it offered to make with petitioner, subject to the approval of the court, as provided by the act, and (2) notice had not been given as provided by sections 19 and 20 of the act. Thereupon, October 23, 1920, the court made an order, reciting a submission on the amended complaint, demurrer to same, defendant's answer, demurrer to the same, and plaintiff's motion for judgment, overruling the demurrers, but denying judgment and dismissing the cause—

"on the ground that there is no controversy in this case as to the death liability of respondent under Compensation Act, the amount of compensation due, or any other matter of controversy requiring an adjustment in this court as contemplated by Compensation Act."

On November 5, 1921, petitioner, by leave of the court, filed a paper writing, duly verified, in which, to use the language of the paper, she renewed her petition for compensation under the act, referring to and adopting her original petition, as amended October 23, 1920, and defendant's answer, and set out again the facts on which she based her claim. Defendants demurred and pleaded, to state the pleas in brief: (1) The statute of limitations of one year, as provided by section 20a of the act; (2) that petitioner's claim had been adjudicated by the order of October 23, 1920; (3) that no notice had been given as required by sections 19 and 20 of the act, unless a suit which had been brought (in common-law form, and which had been disposed of on demurrer) constituted notice. The court sustained a demurrer to defendant's "verified answer"—meaning the pleas above stated—and proceeded to hear the cause upon the verified petition, determined the facts in writing, and gave judgment for petitioner, and the defendant now, by certiorari, brings the cause here for review.

The contention on behalf of defendant (appellant) is, in substance, that the judgment of the court rendered October 23, 1920, dismissing the cause, was final, and the action could not be reviewed by subsequent proceedings; that the new action was barred by the statute of one year.

[1] All necessary facts being admitted, the court, on October 23, 1920, should have entered judgment for petitioner. Petitioner, it seems, was asking judgment on the basis of defendant's answer, conceding the essential facts; but the posture of affairs thus brought about was not the settlement between the parties contemplated by the statute, which must be approved by the court and judgment rendered thereon as provided in section 12b of the act. The state of the record showed a controversy between the parties, and the defendant's concession of facts furnished a sufficient basis on which to found a judgment awarding compensation. If the cause had been brought into court by an adversary proceeding unnecessarily—as, for example, after petitioner's refusal of a proposed settlement tendering all that she was entitled to receive under the statute—that was good reason why costs should have been imposed upon petitioner, but did not suffice to deprive petitioner of her admitted rights in the premises.

[2] However, the petition was dismissed, and not renewed within one year of the death of petitioner's husband, and the question now presented is whether petitioner in consequence lost her rights by limitation. The statute provides—to quote so much thereof as needs to be considered in this case:

"In case of death all claims for compensation shall be forever barred unless within one year after death, when death results proximately from the accident within three years, the parties shall have agreed upon the compensation

under this act or unless within one year after such death one of the parties shall have filed a verified complaint as provided in section 28." Section 20a.

As our statement of the record has shown, petitioner filed her original amended complaint or petition within one year of the death of her husband, but that petition was dismissed out of court, and thereby, unless reinstated—to use the language of the statute—on "appeal by certiorari," became as if it had never been. The dismissal was on a collateral technical ground, not affecting the merits of petitioner's claim, did not operate as a bar, and left the parties the same rights of prosecution and defense as if the subsequent new petition constituted petitioner's first effort to prosecute her claim. Williams v. Woods, 121 Ala. 536, 25 South. 619. By this we do not mean to say that timely notice, having once been given according to sections 19 and 20, need be repeated. The act should be liberally construed in favor of the workman or his dependents, but the Legislature in express terms has made section 20a a statute of limitation, and no legally sufficient reason occurs to us why a ruling at variance with the plain language of the statute should be indulged.

It follows that the trial court erred in rendering judgment for petitioner on her petition last filed.

Certiorari awarded. Judgment reversed, and cause remanded to the circuit court for further proceedings in accordance herewith.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.