(97 South. 140)

## Ex parte HARPER.

## HARPER v. O'REAR et al.

### (6 Div. 830.)

(Supreme Court of Alabama.   June 30, 1923.)

1. **Master and servant** ⟨⇐⟩**398—Effectual notice of compensable injury cannot be given after expiration of 90 days.**

Under Workmen's Compensation Act, § 19, requiring an injured employee to give notice of the accident to the employer within five days, unless prevented from doing so by fraud or deceit or equal good reason, and prohibiting compensation unless such written notice is given within 90 days after the accident, no effectual notice of injury can be given under the act after the expiration of the 90-day period, even if the employee was prevented from giving the notice by the statement of the employer's physician that he was suffering from a disease and not from the results of the accident.

2. **Master and servant** ⟨⇐⟩**398—Limitation on right of recovery of compensation does not affect time for notice.**

The provision of the Workmen's Compensation Act, § 20A, which is a limitation merely upon the right of recovery, does not affect the right to compensation without giving the notice of injury required by section 19.

3. **Master and servant** ⟨⇐⟩**398—Statute defining fraud held inapplicable to excuse failure to give notice of compensable injury.**

Code of 1907, § 4298, defining actionable fraud, is manifestly without application in proceedings for workmen's compensation which were barred by failure to give notice, the giving of which under the statute was not excused by fraud.

Petition by J. T. Harper for certiorari to the circuit court of Walker county to review the decree of that court in a cause brought under the Workmen's Compensation Act by J. T. Harper against Guy V. and Caine O'Rear, which decree denied the relief sought by petitioner.   Writ denied, and decree affirmed.

Leith & Powell, of Jasper, for appellant.

Counsel argue that petitioner, having been misled by the physician as to his condition, and thereby prevented from giving notice of injury within the time prescribed, was excused from strict compliance therewith. Acts 1919, p. 206, §§ 19, 20a; Code 1907, § 4298.

Coleman D. Shepherd, of Jasper, for appellees.

Where the wording of a statute is plain and unambiguous, the statute must be construed to mean what is plainly expressed. State v. McGough, 118 Ala. 166, 24 South. 395; Kelly v. Burke, 132 Ala. 235, 31 South. 512.  Unless the injured employee gives written notice of injury within 90 days of the

occurrence, no compensation is payable. Acts 1919, p. 223, § 19.

SOMERVILLE, J.  This is a common-law writ of certiorari to review the decree of the circuit court in a cause brought under the Workmen's Compensation Act.  Gen. Acts 1919, pp. 206–239.

The facts set up by the pleading are that defendants, Guy V. and Caine O'Rear, were engaged in operating a coal mine near Carbon Hill, and that petitioner, on August 27, 1921, while performing his duties in and about the mine, wrenched, sprained, or strained his back, of which fact he failed to notify defendants for the reason, as stated in the complaint, he was informed by defendants' physician that he was suffering from kidney trouble; but that thereafter (in February, 1922), upon having an X-ray made and discovering that his back had been wrenched, sprained, or strained, he did notify defendants thereof, which notice bears date February 27, 1922. Defendants' demurrer was sustained, and plaintiff took a nonsuit.

There is but one material question argued by counsel, viz. whether the trial court erred in holding that plaintiff cannot recover for failing to give notice of the alleged injury within 90 days, and this review will be confined to the single matter now in controversy.

[1] The provisions of the act as to notice are:

"Every injured employee or his representative shall within five days after the occurrence of an accident give or cause to be given to the employer written notice of the accident and the employee if he fails to give such notice, shall not be entitled to physicians or medical fees nor any compensation which may have accrued under the terms of this act, unless it can be shown that the party required to give such notice had been prevented from doing so by reason of physical or mental incapacity, other than minority, or fraud or deceit, or equal good reason, but no compensation shall be payable unless such written notice is given within ninety days after the occurrence of the accident, or where death results within ninety (90) days after the death."  Section 19, Gen. Acts 1919, pp. 206–239.

That plaintiff did not serve defendants with written notice, as required by section 19 of the Workmen's Compensation Act, for more than 90 days after receiving his alleged injury, expressly appears;  but plaintiff's counsel insist that sufficient excuse is shown for such failure, in that defendants' physician advised him that he was suffering from another cause.   However, counsel seem to overlook the fact that the concluding clause of the statute, "but no compensation shall be payable unless such written notice is given within ninety days after the occurrence of the accident," is not followed by a "saving clause," and for this reason the injured em-

ployé is precluded from giving effectual notice after the expiration of 90 days.

Obviously, the Legislature intended to provide a period after the expiration of the 5-day period, when notice by the injured employé would be barred; for had not the Legislature so intended, the "saving clause" would have followed and not preceded the final clause.

The general rule is:

"Where time is prescribed in the act within which claim must be filed, and there is no qualification, such time limit is mandatory, and unless claim is made for compensation within the statutory limit the claim is barred." 2 Schneider, Workmen's Compensation Law, § 545, citing Peterson v. Fisher Body Co., 201 Mich. 529, 167 N. W. 987; Haiselden v. Ind. Acc. Bd., 275 Ill. 114, 113 N. E. 877, among other authorities.

[2] Petitioner's contention as to section 20A of the Workmen's Compensation Act is without merit, as this section in no manner qualifies the section as to notice here under consideration, but is a limitation merely upon the right of recovery.

[3] We deem it unnecessary to treat petitioner's insistence as to fraud on the part of the attending physician, as such a question is not here presented, and section 4298 of the Code of 1907 is manifestly without application.

Finding no error in the record, the ruling of the trial court sustaining the demurrer will be affirmed, and the common-law writ of certiorari will be denied.

Affirmed, and writ denied.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.