(103 So. 920)

Ex parte SLOSS–SHEFFIELD STEEL & IRON CO. M. G. COOK v. SLOSS–SHEFFIELD STEEL & IRON CO. (6 Div. 362.) (Supreme Court of Alabama. March 19, 1925.) Certiorari to Circuit Court, Jefferson County; Roger Snyder, Judge. Petition of the Sloss-Sheffield Steel & Iron Company for certiorari to the Circuit Court, Jefferson County, to review the judgment of said court in a proceeding under the Workman's Compensation Act by M. G. Cook against the Sloss-Sheffield Steel & Iron Company. Writ awarded. Transferred from Court of Appeals under Acts 1911, p. 449, § 6.

Tillman, Bradley & Baldwin, Bradley, Baldwin, All & White, and Douglas Arant, all of Birmingham, for petitioner.

The plaintiff gave no notice of injury as required by law, and is not entitled to recover compensation. Code 1923, §§ 7568, 7569; Twonke v. Rome Brass & Copper Co., 224 N. Y. 263, 120 N. E. 638; Haiselden v. Ind. Board, 275 Ill. 114, 113 N. E. 877; In re Gorski, 227 Mass. 456, 116 N. E. 811; Fid. & Cas. Co. v. Ind. Acci. Comm., 177 Cal. 472, 170 P. 1112; Armstrong v. Oakland, V. & P. Co., 197 Mich. 334, 163 N. W. 897; Dorb v. Frederick Stearns & Co., 180 App. Div. 138, 167 N. Y. S. 415; Cooke v. Holland Fur. Co., 200 Mich. 192, 166 N. W. 1013, L. R. A. 1918E, 552.

R. D. Coffman, of Birmingham, opposed.

Brief of counsel did not reach the Reporter.

THOMAS, J. The suit is under the Workmen's Compensation Act (Gen. Acts 1919, p. 206; Code 1923, § 7534 et seq.) for compensation on account of an injury sustained in the mine of Sloss-Sheffield Steel & Iron Company. The trial court awarded compensation and en-

tered judgment against defendant company. The case is brought to the Court of Appeals by certiorari, and is transferred to this court under the rule of law obtaining. The petitioner in the lower court was working for defendant in its mine as a truckman, claimed to have been injured by dropping a rail on his ankle, and was alone when he sustained his alleged injury. Defendant denied that any accident occurred or any injury was sustained within the provisions of the statute. Petitioner Cook testified that no written report of the alleged accident and injury was made to appellant or to any of its agents. He said: "No one was with' me at the time the accident happened. I don't know whether any one saw it. * * * I was unloading some rails off the tram cars when this accident happened. I said something about it about 20 minutes afterwards. Nobody was unloading rails with me. * * * I did not make a written report of the accident to any agent of the Sloss Company, or to anybody. I was not sick in bed since last July. I have been up all of the time." The evidence in the record before us discloses no such notice, and the trial court did not so find. The evidence further disclosed that Cook's alleged injury, or his physical or mental capacity, fraud, deceit, or "equal good reason," did not prevent his giving the notice of "the accident" to his employer, as required by sections 7568 and 7569 of the Code of 1923, or sections 19 and 20, p. 206, of the Acts of 1919. Ex parte Mt. Carmel Coal Co., 209 Ala. 519, 96 So. 626; Ex parte Sloss-Sheffield S. & I. Co., 207 Ala. 531, 93 So. 425; Ex parte Harper, 210 Ala. 134, 97 So. 140. It is unnecessary to cite authorities from other jurisdictions. Under the undisputed evidence the petitioner Cook should not recover. The writ is awarded.

ANDERSON, C. J., and SOMERVILLE 'and BOULDIN, JJ., concur.