(105 So. 592)

## Ex parte E. I. DU PONT DE NEMOURS & CO.

## HOGG et al. v. E. I. DU PONT DE NEMOURS & CO.

### (6 Div. 323.)

(Supreme Court of Alabama. June 18, 1925. Rehearing Denied Oct. 22, 1925.)

Master and servant ⊚⇒398—Knowledge of injury dispenses with necessity of statutory notice.

Written notice to employer of employee's injury, under Workmen's Compensation Act, *held* not necessary, where trial court found that employer had knowledge of accident on the day it occurred.

Certiorari to Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Petition of E. I. Du Pont De Nemours & Co. for certiorari to the circuit court of Jefferson county (Bessemer division), to review the judgment and findings of that court in a proceeding by D. T. Hogg and another against the petitioner under the Workmen's Compensation Act. Writ denied; judgment affirmed.

Stokely, Scrivner, Dominick & Smith and Andrew J. Thomas, all of Birmingham, for appellant.

The giving of a written notice, as required by the statute, is a condition precedent to a right to compensation. Ex parte Harper, 210 Ala. 134, 97 So. 140; Ex parte Mt. Carmel Coal Co., 209 Ala. 519, 96 So. 626; Ex parte Sloss Co., 207 Ala. 531, 93 So. 425; State v. McGough, 118 Ala. 159, 24 So. 395; Kelly v. Burke, 132 Ala. 235, 31 So. 512; Ex parte Sloss Co., 212 Ala. 699, 103 So. 920.

Perry, Mims & Green, of Bessemer, for appellee.

Where defendant has actual knowledge, written notice is not necessary. The act is to be liberally construed. Ex parte Coleman, 211 Ala. 248, 100 So. 114; In re Bloom, 222 Mass. 434, 111 N. E. 45; Reese v. Yale & Towne Mfg. Co., 1 Conn. Comp. Dec. 154; Smith v. White, 146 La. 313, 83 So. 584; State ex rel. v. Dis. Const., 131 Minn. 352, 155 N. W. 103, Ann. Cas. 1917D, 866; In re Murphy, 226 Mass. 60, 115 N. E. 40.

GARDNER, J. Petition for certiorari to review the decree of the circuit court in a cause under the Workmen's Compensation Law (sections 7534–7597, Code 1923).

D. T. Hogg and his wife (hereinafter referred to as plaintiffs) instituted proceedings to recover compensation under the above-cited statute on account of the death of their son (18 years of age), who was killed on June 28, 1923, while working in the service and employment of E. I. Du Pont De Nemours & Co., hereinafter referred to as defendant. The deceased employé met his death while driving a powder truck which overturned on the paved highway, and, among other defenses, it was contended that the fatal accident was a result of a willful violation of a reasonable rule of the employer, known to the deceased employé. Ex parte Woodward Iron Co., 212 Ala. 220, 102 So. 103. Upon this issue a jury was demanded and trial had, resulting in a verdict favorable to plaintiffs, and no question is here presented arising from this issue.

[1] One Donahoo is superintendent of defendant's plant in the Bessemer district. He employed deceased who was paid $20 per week. Donahoo learned of the accident immediately thereafter, went to the scene, and made investigation, and on the afternoon of the accident called to see plaintiffs, the boy's parents. He discussed the accident with the father. The trial court found "that defendant had knowledge of said accident on the day it occurred," which finding is fully supported by the proof as above outlined. There was no written notice, however, given to defendant concerning the accident, and it is insisted the failure to give such notice within 90 days from the death of the employé precludes recovery, notwithstanding the employer may have knowledge thereof. This is the question of prime importance here presented, but the question has been foreclosed, adversely, to the defendant in the recent case of Ex parte Stith Coal Co., ante, p. 399, 104 So. 756, wherein the court said:

"If the injury occur under the eye of the employer, or if all the facts are brought to his knowledge within the time written notice is required, he can suffer no injury, the giving of notice becomes a matter of technical form, a trap for the helpless and unadvised."

The citation of this authority suffices as an answer to this contention.

The trial court found that plaintiffs were partially dependent upon deceased, who contributed his wages of $20 per week to the family support, and that said sum represented his average weekly earnings for a reasonable time before the accident. The court awarded $5 per week (the minimum sum under these circumstances, section 7558, Code 1923) for a period of 300 weeks. A review of the question of partial dependency as here applicable is to be found in the recent case of Ex parte Woodward Iron Co., 211 Ala. 111, 99 So. 649, and there is nothing in this case calling for further discussion thereof. It is sufficient to say that in the light of that authority, there is ample evidence here, as disclosed by the bill of exceptions, to support the finding and award of the trial court.

---

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

It results that, in our opinion, the court correctly decreed.

The writ is denied, and the judgment of the circuit court is accordingly affirmed.

Writ denied; affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.