**POE v. PATE et al.    (6 Div. 795.)**

Supreme Court of Alabama.    May 26, 1927.

1. **Master and servant ⬉403—Employee has burden of proving that employer had notice of injury (Workmen's Compensation Act).**

Employee, in proceedings under the Workmen's Compensation Act (Laws 1919, p. 206), has burden of proving that employer had notice or knowledge of injury as required by law.

2. **Master and servant ⬉398—Notice to employer of injury held not shown, though employee was on job after injury and demanded weekly indemnity of insurer (Workmen's Compensation Act).**

In proceedings under Workmen's Compensation Act (Laws 1919, p. 206), evidence by employee that he made demand for weekly indemnity on insurer but not on employer, and that he was on job during two weeks after he was hurt but unable to do his regular work, *held* not evidence that injury was sustained in time, place, and manner subjecting him to provisions of act, or that employer had notice thereof.

3. **Master and servant ⬉398—Notice to employer of employee's injury held not shown by letter between persons whose relation to parties did not appear (Workmen's Compensation Act).**

In proceedings under Workmen's Compensation Act (Laws 1919, p. 206), letter between third persons *held* not required notice to employer of employee's injury, where relations of persons sending and receiving letter to parties were not shown.

Certiorari to Circuit Court, Jefferson County.

Petition of R. C. Poe for certiorari to the circuit court of Jefferson county to review the finding and judgment of that court in a proceeding under the Workmen's Compensation Act by the petitioner against Joseph W. Pate and the Pate Company, a corporation, and J. W. Pate, doing business as the Pate Company. Writ denied; affirmed.

S. R. Hartley, of Birmingham, for petitioner.

Where the employer has actual knowledge of injury to an employee, statutory notice is not required. Ex parte Mt. Carmel Coal Co., 209 Ala. 519, 96 So. 626; Ex parte Stith Coal Co., 213 Ala. 399, 104 So. 756. Due notice having been given within 90 days after the accident, no other notice was required. 2 Honnold, p. 1317; Ex parte L. & N., 208 Ala. 216, 94 So. 289; Ackerson v. Nat. Zinc Co., 96 Kan. 781, 153 P. 530.

J. P. Mudd and L. D. Gardner, Jr., both of Birmingham, for respondents.

The burden of proof was on petitioner to show that the employer had the required statutory notice or knowledge. Ex parte Big Four Coal Min. Co., 213 Ala. 305, 104 So. 764.

THOMAS, J. It is shown by the record before us and the bill of exceptions that the injury occurred on March 14, 1926, and not March 24th; that the complaint was not served upon defendants within 90 days from the date of the injury. The sheriff's return shows service of date of June 16, 1926.

[1, 2] The evidence in the bill of exceptions justifying the finding of the trial court that defendants had no notice or knowledge of the injury as required by law, the burden as to this was upon the petitioner. Ex parte Big Four Coal Mining Co., 213 Ala. 305, 104 So. 764. Plaintiff testified that he did not make a demand on the defendants for the weekly indemnity, but "did on the insurance people," and he otherwise stated the facts as follows:

"I did not make a demand directly on the defendants for this nine weeks disability. * * *. I was on the job during the two weeks after I was hurt, but I was not able to do regular plumbing work, like I had been doing, during those two weeks."

[3] This is not evidence that the injury from which petitioner suffered was sustained in the time, place, and manner subjecting him to the provisions of the Compensation Act (Laws 1919, p. 206), or that they had notice thereof. Ex parte Stith Coal Co., 213 Ala. 399, 104 So. 756. And the letter addressed to one Waterman by Dabney was not the required notice to defendants of petitioner's injury. The relations of Dabney and Waterman to the parties are not shown, so also the evidence fails to show the relation of the Ocean Accident & Guarantee Corporation to the parties. And the evidence of Foster fails to bring to defendants' attention the fact of the injury of petitioner. The report was not offered in evidence.

The petition and writ for certiorari is denied, and judgment of the circuit court affirmed.

Writ denied; affirmed.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.