**LARRY et al. v. TAYLOR et al.**

**6 Div. 325.**

Supreme Court of Alabama.

June 15, 1933.

W. Emmett Perry and Cæsar B. Powell, both of Birmingham, and James O. Tolbert, of Montgomery, for appellants.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellees.

BOULDIN, Justice.

The proceeding is under the Workmen's Compensation Law to recover the compensation due the dependent wife and minor children of the employee in case of death of the employee. All the conditions entitling plaintiffs to compensation were found in their favor by the trial court upon agreed facts for the purposes of that trial; but compensation denied upon plea of the statute of limitations of one year. Code, § 7570.

The death of the employee, Steiner Larry, occurred April 9, 1928. This action was begun under Code, § 7578, on October 12, 1932.

The chief contention here is that the statute of limitations of one year is not a bar to an action by dependent minor children of tender years, one ten, the other seven years of age at the time of their father's death. The provision of section 7570 in this regard reads: "In case of physical or mental incapacity, other than minority of the injured person or his dependents, to perform or cause to be performed any act required within the time in this section specified, the period of limitation in any such case shall be extended to become effective one year from the date when such incapacity ceases."

Admittedly minority is excluded from the exception therein declared.

This provision making the statute of one year applicable to such minors is challenged as arbitrary, discriminatory, and void because in contravention of the Fourteenth Amendment of the Federal Constitution and kindred sections of the Constitution of Alabama, such as sections 1, 6, and 22.

Suffice to say the entire scheme of the Workmen's Compensation Law awarding compensation to minor dependents is to furnish them present maintenance; is limited to those under eighteen years of age, except when physically or mentally incapacitated. Code, § 7552; Ex parte Cline, 213 Ala. 599, 105 So. 686. It is not contemplated that proceedings shall or may be delayed until the disability of minority has passed, and presumably the period of dependence.

In keeping with this policy, minor employees are, by our statute, made sui juris, or quasi sui juris, subject to the power of the court to safeguard their interests by guardianship (Code, § 7549), and to relieve from oppressive settlements generally (Code, § 7550).

The provision of the Workmen's Compensation Law is made to apply to minors employed in violation of child labor laws. Code, § 7539; Ivey v. Railway Fuel Co., 218 Ala. 407, 118 So. 583.

By amendment of the statute, double compensation is now awarded where the minor is employed in violation of law.. General Laws 1931, p. 415.

Maybe in some cases the statute should make more direct provision for the protection of children of tender years in giving notice required by section 7568, and bringing suit under section 7570, but, with all the legal, industrial, and social agencies of our day, it is not to be presumed such dependent children will be friendless.

In this case there is a mother, authorized by law to receive compensation for them. She could have sued within one year, and not after four years. Code, § 7554; Ex parte Central Iron & Coal Co., 212 Ala. 367, 102 So. 797.

We are unable to see any sound basis for declaring this case without the general rule that a legislative act creating a claim, not theretofore existing, may prescribe the conditions and procedure under which such right is to be effectuated. In general, one cannot claim the benefits of an act and at the same time challenge its constitutionality. Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 So. 803.

We conclude the constitutional point raised cannot be sustained.

Appellants also rely upon certain exceptions to the one-year statute of limitations (Code, § 7570), namely, "unless within one year after the accident the parties shall have agreed upon the compensation payable," and "unless within one year after such death one of the parties shall have filed a verified complaint as provided in section 7578 hereof."

The basis of such contention is this: Within one year another and separate suit was brought on behalf of another woman' and children, claiming to be the dependent wife and minor children of the same employee. It was there agreed that compensation was due, and the amount thereof. After bringing in some suspected claimants, not including present plaintiffs, who, so far as appears, were unknown, the trial court gave judgment awarding compensation to the plaintiffs in such suit, and the same was paid prior to the institution of the present suit.

Without discussion, we hold no agreement in that proceeding with other parties that compensation was payable, nor the institution of that suit, is available to these plaintiffs to remove the bar of the statute of limitations.

No such legislative intent appears.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.