175 So. 316

## BIRMINGHAM ELECTRIC CO. v. MEACHAM.

### 6 Div. 914.

Court of Appeals of Alabama.
April 6, 1937.

Rehearing Denied May 11, 1937.

J. P. Mudd, of Birmingham, for petitioner.

W. A. Denson, of Birmingham, for respondent.

**BRICKEN, Presiding Judge.**

This is a workmen's compensation case in which plaintiff below, respondent here, sought to recover damages from the above-named petitioner for injuries he is alleged to have received while working as an employee of petitioner.

The trial was had upon amended count "D" of the complaint and the defendant's answer thereto. After hearing and considering, the trial court made a finding awarding compensation in the amount and according to the terms set forth in the finding of fact and conclusions of law, hereinafter referred to in this opinion.

This case presents a question of both law and fact on petition for certiorari to review the ruling and finding of fact by the trial court.

Count "D" of the complaint referred to reads as follows:

"Amended-Count D.

"Now comes the plaintiff and by leave of the Court for this purpose had and obtained amends the complaint as herein set forth.

"Count D.

"The Petitioner, John Sharp Meacham, claims of the defendant Birmingham Electric Company, a body corporate compensation under the provisions of the Workmen's Compensation Act of 1919, and respectfully shows:

"That on, to-wit: July 27, 1928, the plaintiff was employed by the defendant at Birmingham, Jefferson County, State of Alabama, as a trouble man repairing Servel Refrigerators and that on said date, while plaintiff was engaged in and about the duties of his employment he was injured as follows, in said County and State; Plaintiff was caused to work near Methyl Chloride gas escaping from a container, thereby severely and seriously injuring petitioner's head, neck, back, body, limbs, viscera of the cranial, thoracic, pelvic and abdominal cavities, spine and general nervous system, said injuries being received by an accident arising out of and in the course of his employment by said defendant. That the said Birmingham Electric Company are doing business in the State of Alabama and have had actual knowledge of said injuries, within the meaning of said Workmen's Compensation Act, and of his claims for compensation within the time and in the manner required by law. Petitioner avers at the time of the injury, herein complained of, he was earning approximately $24.00 to $40.00 per week, and his earnings for approximately twelve months previous to said injury had been approximately $24.00 to $40.00 per week. Petitioner avers defendant has declined to pay petitioner compensation under the Workmen's Compensation Act of 1919, and the parties have been unable to agree upon what compensation plaintiff is to receive."

Defendant's answer to the complaint is as follows:

"Answer to Complaint.

"Comes the defendant and for answer to the complaint says:

"1. That it is not guilty.

"2. That the plaintiff did not suffer an accident arising out of his employment with the defendant that would entitle him to any compensation under the Workmen's Compensation Act.

"3. The defendant says that it was not served or given written notice of the alleged accident to the plaintiff within the time required by law for the giving of such notice.

"4. The defendant says that no written notice was given to it, or to any of its authorized servants or employees, of the alleged accident to the plaintiff, within the time required for giving of such written notice.

"5. The defendant denies that plaintiff served notice upon it of said injuries and of his claim for Compensation within the time required by law.

"6. The defendant denies that the plaintiff is entitled to any Workmen Compensation benefits.

"7. The defendant says that the alleged claim is barred by the statute of limitations of one year.

"8. The defendant denies that it had any actual knowledge of the alleged accident suffered by the plaintiff within the time required by the Workmen's Compensation Act of Alabama."

The finding of facts and the court's decree thereon is in words and figures as follows:

"Finding of Facts and Court's Decree

Thereon.

"This cause coming on for hearing before this Court on the 23rd day of September, 1935, on petition of the plaintiff for compensation upon the evidence submitted, the Court finds the following facts, and renders judgment thereon as herein set forth:

"The petitioner, on the 27th day of July, 1928, and prior thereto for a number of months was in the employ of the Birmingham Electric Company, and both the petitioner and said company on said date were subject to the Workmen's Compensation Act of Alabama. As a part of petitioner's regular duties he repaired and serviced electrical refrigerators, a number of which used as a refrigeration agency methyl-chloride gas. On July 27th, 1928, while in the performance of the work assigned him by said employer, petitioner became exposed to a quantity of methyl-chloride gas, which attacked the organs of his body to the extent as hereinafter defined. He had been exposed to said gas previous to this date, but had only noticed the effects sometimes around July 1st, of said year. The disability lasted until August 29, 1929, and during this time, to-wit; fifty-seven weeks, petitioner was totally disabled for thirty-two weeks and 50% disabled for a period of twenty-five weeks.

"Petitioner was approximately twenty-three years old at the time of his injury, and prior to this had been in excellent health. He had no dependents, and his average weekly earnings for twelve months preceding said accident were $25.00 or more per week.

"Neither petitioner nor his physicians understood or were able to correctly diagnose his condition until in July, 1929, at which time petitioner's father applied to the defendant for compensation, at which time the defendant advised petitioner's father to procure the services of an attorney and file suit, in order to prevent the Statute of Limitations from running against said claim. On August 29, 1929, petitioner who had previously been attempting part-time office work in the writing of insurance, and although not feeling entirely well, entered the employment of the Tennessee Coal, Iron and Railroad Company, and after a physical examination, worked in a plate mill as a helper for about a month. He was later transferred as a routine matter to the Shipping Department, where he worked for almost a year. Around October 1930, petitioner had a hemorrhage, which was later diagnosed as tuberculosis, and which caused him further disability, until he was pronounced cured, some two or three years later, after extensive treatment under a number of physicians.

"Following the disability in July, 1928, petitioner applied to the Metropolitan Life Insurance Company for benefits under a Group Policy, and was paid by said Company $10 a week for a number of weeks on a sick claim, which claim was handled and approved by one of the defendant's officers in connection with a Group Policy plan.

"Although there were a number of other employees working on the same type of refrigerators, petitioner was the only one of said employees to suffer any disability of this nature.

"The Court further finds that on the 27th day of July, 1928, the defendant had actual knowledge of the infliction of said injuries upon the petitioner, and that the infliction of said injuries was not a necessary or usual incident to the employment in which petitioner was then employed by said company, but could readily and easily have been avoided by warning petitioner of the deleterious effects of said gas upon the human organism and by taking such precautions as were reasonable and necessary to protect the petitioner from injurious contact with said gas. Wherefore it is the order, decree and judgment of this court that petitioner have and recover of the defendant Birmingham Electric Company, a corporation the sum of five hundred thirty-four ($534.00) dollars, unless said sum be paid to the Clerk of this Court within ten days from the date of this judgment, then, in that event, it is hereby,

"Ordered, adjudged and decreed that execution issue out of this Court against said defendant for said amount, together with all costs of this proceeding.

"Ordered, adjudged and decreed on this the 31st day of October, 1935."

The defendant's contentions with respect to the case at bar are as follows:

1. That if the plaintiff suffered any ill effects as a result of breathing methyl chloride gas (and the defendant concedes that there is sufficient evidence in the case to justify the trial court in reaching such conclusion), such effects constituted an occupational disease, and no accidental injury within the meaning of the Workmen's Compensation Law.

2. That whatever ill effects the plaintiff sustained from breathing methyl chloride gas occurred more than a year (that is, from February, 1928 to July, 1928) prior to the date of instituting this suit, viz., July 25, 1929. And under such circumstances, any claim the plaintiff might have had, if compensable, would be barred by the statute of limitations.

3. Inasmuch as the plaintiff himself did not claim or believe that he had suffered any accidental injuries as a result of breathing methyl chloride gas, there was no possibility that the defendant could have had actual knowledge of any such accidental injuries, and there is no claim on the plaintiff's part that he gave any written notice. Neither the plaintiff, his parents, his attending physicians, nor any one connected with the plaintiff knew or had reason to believe that the plaintiff's illness in 1928 was the result of breathing methyl chloride gas, or of any accident.

4. The defendant further contends that the finding of facts on the part of the court is wholly without foundation in the evidence to the effect that there was any accidental injury, or that the defendant had any actual knowledge of such injury; and the finding that any such injury or accident occurred within twelve months of the date of the institution of this suit. The trial court in fact found that the plaintiff sustained an accidental injury on July 27, 1928, and there is no scintilla or vestige of evidence to support such conclusion and finding.

In this connection the assignments of error insisted upon are as follows:

Assignments of Error

1. The court erred in rendering judgment for the plaintiff and against the defendant.

2. The court erred in finding that the plaintiff sustained an accident arising out of his employment with the defendant that would entitle him to compensation under the Workmen's Compensation Act of Alabama.

3. The trial court erred in finding that the plaintiff suffered an accident within the meaning of the Workmen's Compensation Act of Alabama.

4. The trial court erred in finding that the defendant had actual knowledge of the fact that the plaintiff suffered an accident within the meaning of the Workmen's Compensation Act of Alabama.

5. The trial court erred in not finding that the plaintiff's injury, or at least all of those injuries which occurred before July 25, 1928, were barred by the statute of limitations.

6. The trial court erred in not finding that the plaintiff was suffering from an occupational disease, which disease was not compensable under the Workmen's Compensation Law of Alabama.

7. The trial court erred in the conclusion which it drew from the undisputed evidence.

8. The trial court erred in its finding of fact.

9. The trial court erred in its conclusion that the defendant had knowledge or notice of the plaintiff's injury within the time and meaning, as required by the compensation law of Alabama.

We have carefully read and have given attentive consideration to the evidence in this case, and are unable to accord to the views of the lower court as expressed hereinabove.

It appears that the plaintiff, John Sharp Meacham, a young man in his early twenties, in good health, while a student at Howard College in Birmingham, Ala., began doing part-time work for the Birmingham Electric Company. This was during the years 1925 and 1926. Later he obtained a regular position with the Birmingham Electric Company, serving in the capacity of a general repairman during January of 1928. During the latter part of February or the first part of March, 1928, he was transferred to the refrigerating department. At that time, both the plaintiff and the defendant were subject to the terms and provisions of the Workmen's Compensation Law of Alabama (Code 1923, § 7534 et seq.).

In working with the refrigerators, the plaintiff was forced to deal with methyl chloride gas, and from time to time, inhaled certain quantities of this gas. The plaintiff's health began to be impaired, but he continued to work in the refrigerating department during March, April, May, June,

and until July 27, 1928. On July 27, 1928, his health became so bad that he was forced to leave the employ of the defendant. During the course of his employment with the Birmingham Electric Company his average monthly income was in the neighborhood of $130. The plaintiff was unmarried, and without dependents.

At the time the plaintiff severed his relations with the Birmingham Electric Company, he did not know or have any idea that the methyl chloride gas which he inhaled from day to day had anything to do with his condition. On August 15, 1928, the plaintiff made application to the Metropolitan Life Insurance Company for benefit payments under a policy of group insurance taken out by the Birmingham Electric Company for its employees. The premiums on this policy were paid jointly by the employee and the Birmingham Electric Company, but the benefits accrued only to the employees. These benefits were payable only in cases of sickness, not in any way connected with any accident which might be sustained by the employee during the course of his employment. The plaintiff applied for and received $10 a week from the Metropolitan Life Insurance Company under this policy for thirteen weeks, or a total of $130.

Before, during, and after the period Meacham was employed by the Birmingham Electric Company, other employees worked on refrigerators containing methyl chloride gas, doing the same kind of work as did the plaintiff, and none of these employees ever suffered any ill effects from their contacts with this gas.

The plaintiff's evidence tended to show that from July 28, 1928, until January, 1929, the plaintiff was unable to do any kind of work. From January, 1929, until June, 1929, he was employed by the Union Central Life Insurance Company, working an hour or two each day. From June, 1929, during the summer, Meacham was at a boys' camp in the North Georgia mountains, serving as a counselor, and further that on August 29, 1929, Meacham went to work for the Tennessee Coal, Iron & Railroad Company, in the roller department for the first month or so. He was then transferred to the shipping department where he checked carloading. He worked in this capacity until October 25, 1930, when he sustained a hemorrhage and was forced to quit work on account of his physical condition. He went to bed for a month, and then went to a sanatorium at Ashville, N. C., remaining there for eleven months. There his condition was diagnosed as being tubercular. He returned to Birmingham and entered the Jefferson County Sanatorium, remaining there for four months, at the end of which time he was released. He remained under the care of his physician until 1934.

In the fall of 1932, the plaintiff attended Howard College, and remained there until August, 1935. The plaintiff is now in excellent health, and is suffering no ill effects from any of his illnesses.

We have not been favored by brief for plaintiff. The brief filed in behalf of petitioner indicates exhaustive research, careful preparation, and an able presentation of the points of decision involved.

As we see it, there are three questions conclusive to the effect that the plaintiff was not entitled to recover: (1) The alleged injury received by inhaling the methyl chloride gas as disclosed by the evidence cannot be termed an accident in contemplation of the Workmen's Compensation Law; and (2) if this was not true, the statute of limitations had intervened before suit was brought as the statute requires; and (3) it would certainly require a constrained construction of the evidence to hold and determine that the necessary notice of such accident had been given. That there was no actual knowledge by the defendant of the occurrence complained of is apparent without conflict.

■ It is manifest, in our opinion, that if plaintiff sustained his disability while working for the defendant, he was suffering, not from the result of an accident, but from an occupational disease, or some other ailment. The following testimony of plaintiff is, in our opinion, conclusive on this point. On cross-examination he testified:

"As near as I can remember, I commenced working on the refrigerators and dealing with this methyl chloride gas in connection with my work toward and along about the latter part of February or the first of March, 1928. I worked during March and April, May, June, and until July 27th on those refrigerators. You asked me after I commenced with this methyl chloride when did I discover it was having any effect on me. Well, it was such a gradual thing, I cannot exactly place the time that it began to make itself manifest or apparent. It was rather insidious; it came on gradually. It became noticeable the first of July. I cannot name any specific time, point out any speci-

fic time when my eyes became affected. I was breathing that thing day in and day out. There was no sudden' explosion of gas or any escaping gas that overcame me. It was a long, continuous proposition from the time I went to work on these refrigerators. There was nothing that occurred on one occasion more than on any other occasion."

He further stated: "You asked me if, in my application that I filled out, I made the statement that my disability was not due to an accident. I would not consider it an accident. It was the conditions I was working under."

 It must of necessity be conceded that occupational diseases are not compensable under the provisions of the Workmen's Compensation Law of Alabama, and the plaintiff, John Sharp Meacham, if he sustained his disability while working for the defendant, was suffering from an occupational disease, or some other ailment, and was not incapacitated as a result of an accident within the meaning of the Workmen's Compensation Law of Alabama. Ex parte American Fuel Co., 210 Ala. 229, 97 So. 711; Ex parte Taylor, 213 Ala. 282, 104 So. 527; Polytinski v. Johnston, 211 Ala. 99, 99 So. 839; Moore v. First National Bank, 211 Ala. 367, 100 So. 349, 34 A.L.R. 526; New River Coal Company v. Files, 215 Ala. 64, 109 So. 360.

Under the evidence in this case, the defendant had no actual knowledge of an accident of a compensable nature sustained by plaintiff, nor is there shown that any written notice, as required by law, was given the defendant until long after the statutory period had elapsed. That this is necessary is conclusive under the following authorities: Code of Alabama 1923, § 7568; Code of Alabama 1923, § 7569; Ex parte Stith Coal Co., 213 Ala. 399, 104 So. 756; Poe v. Pate, 216 Ala. 264, 113 So. 234; Ex parte Big Four Coal Mining Co., 213 Ala. 305, 104 So. 764; Ex parte E. I. DuPont DeNemours & Co., 213 Ala. 604, 105 So. 592; Ex parte Harper, 210 Ala. 134, 97 So. 140; Sloss-Sheffield Steel & Iron Co. v. Keefe, 217 Ala. 409, 116 So. 424; American Radiator Co. v. Andino, 217 Ala. 424, 116 So. 121; Cook v. Sloss-Sheffield Steel & Iron Co., 212 Ala. 699, 103 So. 920; New River Coal Co. v. Files, 215 Ala. 64, 109 So. 360; Harper v. O'Rear, 210 Ala. 134, 97 So. 140; Ex parte Sloss-Sheffield Steel & Iron Co., 207 Ala. 531, 93 So. 425; Sloss-Sheffield Steel &

Iron Co. v. Foote, 229 Ala. 189, 155 So. 629; Id., 231 Ala. 275, 164 So. 379.

Under the evidence, if the plaintiff sustained an injury while working for the defendant, which was compensable under the Workmen's Compensation Law of Alabama, all injuries received by him prior to July 25, 1928, are not compensable because, as stated, such injuries were barred by the statute of limitations.

We could extend this opinion to greater length, but feel we have sufficiently dealt with the salient propositions and have shown that the finding of facts and the conclusion of the lower court were erroneous and not borne out or sustained by the record. Accordingly, an order is here entered granting the writ and reversing and rendering the judgment of the lower court.

Writ granted. Reversed and rendered.