74 So.2d 625

## Carl B. DAVIS

### v.

## STANDARD OIL CO. OF KENTUCKY.

### 6 Div. 734.

Supreme Court of Alabama.

Aug. 30, 1954.

Edward H. Saunders, Bessemer, for appellant.

White, Bradley, Arant, All & Rose, Birmingham, for appellee.

STAKELY, Justice.

This proceeding was instituted by Carl B. Davis against Standard Oil Company of Kentucky to recover benefits alleged to be due to Carl B. Davis under the Workmen's Compensation Laws of Alabama. Section 253 et seq., Title 26, Code of 1940.

The defendant demurred to the verified complaint of Carl B. Davis and, among other grounds of demurrer, takes the position that it appears on the face of the complaint that the action is barred by the one-year statute of limitations set up in the

Workmen's Compensation Act. The complaint was amended a number of times and as finally amended the demurrer was sustained by the court. The plaintiff declining to plead further, the court rendered judgment for the defendant.

The sole question here presented is whether the action is, as shown by the allegations of the complaint, barred by the statute of limitations of one year as set up in the Workmen's Compensation Act.

In substance the verified petition of Carl B. Davis (appellant here) shows the following. On March 17, 1952, the relation of employer and employee or master and servant existed between the defendant, Standard Oil Company of Kentucky, and Carl B. Davis. Carl B. Davis while so employed and engaged in the business of the defendant suffered an accident, which arose out of and in the course of his employment and as a proximate result of the accident, the plaintiff has become permanently and totally disabled. At the time of the accident on to wit March 17, 1952, plaintiff was employed as a truck driver for the defendant and had driven a truck loaded with oil products of the defendant at Griffin Lake and was unloading diesel fuel by pumping the diesel fuel off of the truck. While the plaintiff was so engaged in the line and scope of his employment at about ten miles from the City of Bessemer, Alabama, at about 2:30 P.M., he climbed on said truck to check one of the compartments of the truck and slipped and fell to the ground and injured his back, spine, vertebra and disc and as a proximate result, the plaintiff was severely injured. On the aforesaid date plaintiff went as a patient into the hospital and stayed there until March 24, 1952. At that time he was discharged as a patient as having been completely cured and was free from pain and apparently had no permanent injury. The plaintiff was never paid any compensation, as there was no disability at said time from the injury. On to wit April 6, 1953, the plaintiff was suddenly taken with a great pain in his back and was unable to work for his employer, at that time the Hayes Air Craft Corporation. On to wit the 8th day of April, 1953, the plaintiff was again confined to the hospital as a result of the pain and injury from his back, as the proximate result of the aforesaid injury that he had theretofore sustained on to wit March 17, 1952, which said injury proximately caused the plaintiff to have the disease of arthritis. or if the plaintiff had the disease of arthritis, caused the disease of arthritis to be aggravated or accelerated. The plaintiff has never received any compensation from the defendant or any other person for the injury that occurred on to wit March 17, 1952, and the disability and damages caused by the injury of March 17, 1952, were unknown to the plaintiff and was not and did not become apparent or painful or damage the body of plaintiff until to wit April 6, 1953.

It is averred that the defendant, Standard Oil Company of Kentucky, had prompt and immediate notice of the aforesaid accident and that the insurer, if there was insurance, whose name is unknown to the plaintiff but known to the defendant, paid the hospital bill of the plaintiff, but as plaintiff had no apparent injury or damages, no compensation was paid him by the defendant or the insurer. It is further alleged that at the time of the injury the plaintiff was receiving $65 per week and that the plaintiff at all the times during his employment with the defendant was a married man and had dependent upon him for support his wife Constance Davis and his daughter eleven years of age, Carlene Davis.

It is further alleged that the plaintiff is permanently and totally disabled from arthritis and has been continuously permanently and totally disabled from arthritis since the 6th day of April, 1953, and has been entirely disabled since the 6th day of April, 1953, when the date of said injury of the plaintiff became apparent and he suffered with pain and disability.

It is further alleged that Carl B. Davis did not know until April, 1953, that the injury of March 17, 1952, either caused the disease of arthritis to develop or if it was already in existence, caused it to flare up and become disabling, that said disease of arthritis at the date of the accident was

so latent that it was not discoverable by either the plaintiff or his doctors by the use of skillful and modern means of diagnosis, which the plaintiff used immediately after the said accident to ascertain the extent of plaintiff's injury or disability.

The verified petition for benefits filed by Carl B. Davis in the present proceeding was filed on the 5th day of May, 1953.

■ It is settled by our decisions that a disease which results proximately from an accident is an injury within the meaning of the Workmen's Compensation Act of Alabama and is included within the phrase "injuries by an accident arising out of and in the course of his employment" as that phrase is used in the Act. Title 26, § 262 (j), Code of 1940; Pow v. Southern Const. Co., 235 Ala. 580, 180 So. 288; Ingalls Shipbuilding Corporation v. Cahela, 251 Ala. 163, 36 So.2d 513; New River Coal Co. v. Files, 215 Ala. 64, 109 So. 360. Furthermore this court has said that it was within the province of the legislature in adopting the Workmen's Compensation Act to provide for a period of limitations within which actions thereunder must be brought and courts should give effect to the plain language of the statute as enacted by the legislature. Ex parte Sloss-Sheffield Steel & Iron Co., 207 Ala. 531, 93 So. 425; Larry v. Taylor, 227 Ala. 90, 149 So. 104.

We consider that the exact question to be decided is the meaning of § 296, Title 26, Code of 1940, which we set out as follows:

"In case of a personal injury all claims for compensation under articles 1 and 2 of this chapter shall be forever barred unless within one year after the accident the parties shall have agreed upon the compensation payable under articles 1 and 2 of this chapter, or unless within one year after the accident one of the parties shall have filed a verified complaint as provided in section 304 of this title. In case of death, all claims for compensation shall be forever barred unless within one year after death, when the death results proximately from the accident within

three years, the parties shall have agreed upon the compensation under articles 1 and 2 of this chapter, or unless within one year after such death one of the parties shall have filed a verified complaint as provided in section 304 of this title. Where, however, payments of compensation have been made in any case, said limitations shall not take effect until the expiration of one year from the time of making the last payment. In case of physical or mental incapacity, other than minority of the injured person or his dependents, to perform or cause to be performed any act required within the time in this section specified, the period of limitation in any such case shall be extended to become effective one year from the date when such incapacity ceases."

■ The accident which is made the basis of appellant's claim occurred on March 17, 1952. It is alleged in substance that as the proximate result of the aforesaid accident, the plaintiff has become permanently and totally disabled from the disease of arthritis or that if plaintiff had such disease of arthritis, that such disease has become aggravated and accelerated, causing the permanent and partial disability of the plaintiff. The present suit, however, was filed in the circuit court on May 5, 1953, more than one year subsequent to the 17th day of March, 1952. It is obvious that in order to be able to say that the cause of action has been brought within the time allowed by law, the word "accident" as now used in § 296, must be given a meaning different from the occurrence which, as alleged in the complaint, was the proximate cause of appellant's disability. As we understand the situation, the appellant contends that § 296 applies only to personal injuries and not to diseases, and that the limitation provided in § 296 does not apply to a case in which a disease results in disability, even though the disease had its origin in an accidental injury. This position, however, overlooks the proposition that disability resulting from disease must have been caused by an accidental injury to be compensable under the Workmen's Compensation Act. If the injury was caused by an accidental injury,

then the words "personal injury", as used in § 296, apply just the same. In fact, this situation is made clear by the provisions of § 262(j), Title 26, Code of 1940, which provides as follows:

"Without otherwise affecting either the meaning or interpretation of the abridged clause, injuries by an accident arising out of and in the course of his employment, it is hereby declared: Not to cover workmen except while engaged in, on, or about the premises where their services are being performed, or where their services require their presence as a part of such service at the time of the accident, and during the hours of service as such workmen, and shall not include an injury caused by the act of a third person or fellow employee intended to injure the employee because of reasons personal to him, and not directed against him as an employee or because of his employment, and it shall not include a disease unless the disease results proximately from the accident."

█ In short, if a personal injury suffered in the course of employment by virtue of an accident brings on a disease, the disease is an injury within the meaning of the Workmen's Compensation Act. Otherwise the last clause of subsection (j) has no meaning. If this interpretation is correct as to the meaning of subsection (j), then § 296 applies alike to cases where disability from disease results from an accident as to cases where liability for an injury results from an accident. We do not see how it can be said that a claim for disability resulting from an accidental injury to a member of the body, such as a broken leg, is barred unless suit is brought within one year after the accident causing the injury, while a claim for disability resulting from a disease likewise caused by an accidental injury would not be so barred.

This court in the case of Pow v. Southern Const. Company, 235 Ala. 580, 180 So. 288, 291, which was a case where the employee died from pneumonia by reason of exposure in his employment, held that the death of the employee was the result of an injury. In this case the court said:

"Without pursuing the review, it is clear enough that this court in the Christison Case followed the line of cases, English and American, holding injury or death resulting from an exposure to the forces of nature, peculiar to the nature, time, and place of the employment, is an accidental injury arising out of and in the course of employment. * * *"

█ It certainly follows that if disability or death resulting from pneumonia is an injury within the meaning of the Workmen's Compensation Act when brought about by the employment, arthritis caused by an accidental injury arising out of and in the course of employment, must be considered an injury and is covered by the provisions of § 296.

In the case of Ingalls Shipbuilding Corp. v. Cahela, 251 Ala. 163, 36 So.2d 513, where latent arthritis was caused to flare up, resulting in disability, it was held to be a compensable injury under the Workmen's Compensation Act of Alabama. See also New River Coal Co. v. Files, 215 Ala. 64, 109 So. 360.

To sum up the situation, traumatic arthritis, even though a disease, is covered by the act as a personal injury under subsection (j) if it resulted from an accident arising out of and in the course of appellant's employment.

We gather from the appellant's argument that the statute of limitations did not begin to run until April 1953, since that is the date when appellant claims he became disabled from arthritis. The case of Marsh v. Industrial Accident Commission, 217 Cal. 338, 18 P.2d 933, 86 A.L.R. 563, is cited in support of this proposition. We note, however, that the California statute under which this case was decided, provides that proceedings under the California Act to collect disability benefits must be brought within six months from the date of injury. The Alabama Act provides that such action must be brought within one year from the date of the accident. The California case is obviously not in point.

The word accident is defined in § 262 (i), Title 26, Code of 1940, pocket part, as follows:

"The word 'accident' as used in the phrases 'personal injuries due to accident' or 'injuries or death caused by accident' in articles 1 and 2 of this chapter shall, unless a different meaning is clearly indicated by the context, be construed to mean an unexpected or unforeseen event, happening suddenly and violently, with or without human fault, and producing at the time injury to the physical structure of the body by accidental means."

[5] For the purpose of this discussion, the word "accident" as defined in the foregoing statute is not synonymous with "disability." When the legislature defines the word "accident" as meaning an unexpected or unforeseen event producing at the time injury to the physical structure of the body by accidental means, the legislature clearly is not saying that the word "accident" shall be construed to mean disability produced by injury to the physical structure of the body.

We call attention to the following statement in the opinion in Ingalls Shipbuilding Corp. v. Cahela, supra [251 Ala. 163, 36 So.2d 515]:

"The first matter argued by the defendant on its petition for certiorari is the statute of limitations. That is section 296, Title 26, Code. It provides a limitation of one year after the accident, unless within one year after the accident the parties shall agree upon the compensation, or unless one of the parties within one year after the accident shall have filed a verified claim under section 304, Title 26, Code; but when payments of compensation have been made in any case said limitations shall not take effect until the expiration of one year from the time of making the last payment."

See also Birmingham Electric Co. v. Meacham, 27 Ala.App. 471, 175 So. 316, 321, certiorari denied 234 Ala. 506, 175 So. 322. In this latter case the employee's duties required him to work around refrigerators, where he became exposed to metyl-chloride gas. He had been exposed for some time previous to July 1, 1928, but had only noticed the effects approximately on July 1, 1928. The lower court held that neither the employee nor his physician understood or were able to diagnose his condition until July, 1929, a year after his last exposure. Suit was not filed against the employer until July 25, 1929, more than a year later. The fact that the employee and his physician did not know that his disability was caused by the exposure to the gas in his employment, was not sufficient to excuse him from filing suit within a year. The Court of Appeals held that July 1, 1928, was the date of the accident and in holding that his claim was barred by the provisions of § 296, said:

"Under the evidence, if the plaintiff sustained an injury while working for the defendant, which was compensable under the Workmen's Compensation Law of Alabama, all injuries received by him prior to July 25, 1928, are not compensable because, as stated, such injuries were barred by the statute of limitations."

See also Larry v. Taylor, 227 Ala. 90, 149 So. 104.

In 108 A.L.R. at page 316 cases are gathered on the subject under discussion. It appears that the courts have uniformly held that the time for filing a suit begins to run from the time of the happening or occurrence which later produced disability and not from the time a compensable injury or disability becomes apparent, where the act provides that the period of limitation runs from the date of the accident, as distinguished from the time of disability or other date.

Upon a consideration of the Alabama statutes and the various authorities to which we have referred, we conclude that the court was correct in holding that the present action was barred by the statute of limitations of one year.

Affirmed.

LAWSON, SIMPSON and MERRILL, JJ., concur.