This is a workmen's compensation case.
The record reveals the following: On February 11, 1977, the employee was injured while cutting wood during the course of his employment with the employer. The employer paid compensation to the employee, the last payment being made on March 28, 1977. On June 16, 1977, the employer paid the employee's hospital expenses.
In May, 1978, the employee brought suit for workmen's compensation benefits alleging that as a result of his injury, he was totally disabled. The employer moved for summary judgment on the ground that the one year statute of limitations set forth in the Code of Ala. 1975, § 25-5-80, barred the action. Specifically, the employer contended that its last compensation payment was made to the employee on March 28, 1977, and because the employee's suit was filed on May 18, 1978, more than one year after said payment, the suit was not timely. When the trial court granted summary judgment in favor of the employer, the employee appealed.
The dispositive issue on appeal is whether a medical payment made by an employer is a payment of compensation so as to toll the statute of limitations. We hold that is not and affirm.
Initially we note that § 25-5-80 provides a one year statute of limitations for claims brought pursuant to articles 2 and 3 of the Workmen's Compensation Act. Code of Ala. 1975, §25-5-80. The statute begins to run from the date of the injury.Davis v. Standard Oil Co., 261 Ala. 410, 74 So.2d 625 (1954). The limitation is tolled, however, where the employer makes compensation payments to the injured employee and the section provides that in such instances, *Page 739 
the one year limitation begins to run at the time the last compensation payment is made. B.F. Goodrich Co. v. Parker,282 Ala. 151, 209 So.2d 647 (1967).
The employee contends that because the employer paid medical expenses on June 16, 1977, this constituted a payment of compensation within the meaning of § 25-5-80 and thus the May, 1978, filing of the complaint was within the one year limitation. We disagree because the payment of medical expenses is not a payment of compensation.
Section 25-5-1 expressly provides that the term "Compensation" does not include medical or surgical treatment. The section states:
 COMPENSATION. Such term indicates the money benefits to be paid on account of injury or death. Strictly speaking, the benefit which an employee may receive by action at law under article 2 of this chapter is damages, and this is indicated in section 25-5-31. To avoid confusion, the word `compensation' has been used in this chapter, but it should be understood that under article 2 the compensation by way of damages is determined by a civil action. Such term does not include medical and surgical treatment
and attention, medicine, medical and surgical supplies, crutches and apparatus furnished an employee on account of an injury. (Emphasis supplied.)
While the employee agrees that this section excludes medical expenses from compensation, it is contended that the definition is intended to apply to only article 2 of the Act and in no way defines "compensation" as that term is used in § 25-5-80's statute of limitations. We find no merit to this contention.
The introductory language of § 25-5-1 makes clear that the definitions contained therein apply throughout the Act unless the context clearly indicates a different meaning should apply. A plain reading of the language in § 25-5-80's limitation features does not indicate that the word "compensation," as used in that section, should be given a different meaning than that provided in § 25-5-1. Liberty Mutual Ins. Co. v. Manasco, 271 Ala. 124,123 So.2d 527 (1960); Sam's Place v. Middleton, 39 Ala. App. 481,103 So.2d 812 (1958).
Plaintiff further maintains that Ingalls Shipbuilding Corp. v.Cahela, 251 Ala. 163, 36 So.2d 513 (1948), supports the proposition that the payment of medical benefits is considered a payment of compensation sufficient to toll the statute of limitations. While the employee's reading of Ingalls is undoubtedly correct, the legislature, subsequent to the decision, amended the Act to provide that medical payments are not "compensation" within the meaning of the Act. Liberty Mutual Ins.Co.; and Sam's Place, supra.
While this court is aware of the fundamental beneficent purposes of the Workmen's Compensation Act, Dan River Mills, Inc.v. Foshee, 365 So.2d 1232 (1979), we must give effect to the plain language of the statute as enacted by the legislature.Davis v. Standard Oil, supra. This is so regardless of our view as to the wisdom or fairness of the statute. See e.g., LibertyMutual Ins. Co., supra.
In view of the above, we hold that a medical payment made by an employer is not a payment of compensation so as to toll the one year statute of limitations set forth in § 25-5-80. Consequently, the trial court did not err in granting summary judgment in favor of the employer on the ground that the employee's suit was not timely filed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 740