Alvin C. Shirley died in a gas fire on October 13, 1975, at a scrubber station belonging to the Conecuh-Monroe Counties Gas District. On April 29, 1976, his administratrix, Mozelle Shirley, brought a wrongful death action against the Getty Oil Company and other fictitious parties described as ". . . the resident of the State of Alabama being that person, firm or corporation who designed and maintained the Conecuh-Monroe Counties Gas System. . . ." She later amended this complaint to substitute Control, Inc. for one of the fictitious parties.
On November 29, 1976, the plaintiff took E.L. Smith's deposition (Smith was the manager of the facility and a co-employee of the decedent). His testimony indicated that William E. Bright, William E. Bright, Inc. and Peerless Manufacturing Company had either contributed to the design of the scrubber station or manufactured equipment used in the station. Concerning his part in the management and design of the scrubber station, Smith testified:
"Q All right, sir. As manager, what were your duties?
 "A Well, as the Manager, it is my duty to see that the system runs, and see that it operates in an efficient manner, and to direct the activities of the people who are immediately under me, like Mr. Parker, and the cashiers.
". . .
 "Q Well, did you have anything to do with the responsibility for the design and engineering of this system?
"A Yes, sir.
 "Q Other than just say — look, I want to order a new house or something?
 "A My capacity as the Manager, is to discuss with Mr. Bright what I need.
"Q All right.
 "A And, it is his function as an engineer to provide me with that. And, it is my function as the Manager to see that it conforms to the building — I mean, to the Codes like we have to operate under, pressure — operating pressures have to be a certain — the wall thickness of the pipe has to meet certain requirements, and I checked all of those to be sure it would conform to that.
 "In addition to that, I called the Peerless people direct and talked to them about this, whether it would remove certain liquids — this type of scrubber. And, I explained to them in depth what we were going to do, and this is the way we put the project together, and the way the project was built.
". . .
 "Q All right. Who prepared the final plans and specifications for the system?
 "A The plans and specifications — this was prepared and this was the final drawing (indicating) by Control Incorporated, and then I approved it."
Following this deposition, Shirley again amended her complaint to substitute for fictitious parties the names of William E. Bright, William E. Bright, Inc. and Peerless Manufacturing Company.
On May 5, 1978, Grantham v. Denke, 359 So.2d 785 (Ala. 1978), was decided by this court, declaring unconstitutional Title 26, § 312, Code of Alabama 1940, as amended by Act No. 86, 4th Ex.Sess., § 10, page 2748, Acts of Alabama 1975. Shortly thereafter, Smith was again deposed. On May 11, 1978, Shirley filed a motion to amend her complaint to add Smith as an additional defendant.
Following argument on the motion, the trial court entered the following order: *Page 1390 
"ORDER DENYING MOTION TO AMEND
 "This matter comes on to be heard on the motion of the Plaintiff, filed herein on the 12th day of May, 1978, seeking to amend the complaint in this cause to add as a party defendant one, E.L. Smith, and the said E.L. Smith having appeared and made an oral motion to strike the aforesaid motion to amend, and the Court having considered the arguments of counsel for the Plaintiff and the said E.L. Smith, together with the various depositions on file in the cause, the Court makes the following findings:
 "That the name of the said E.L. Smith was never unknown to the Plaintiff; that as early as the 29th day of November, 1976, by virtue of the deposition of the said E.L. Smith, Plaintiff had knowledge of the involvement of the said Smith in the activity complained of in the complaint; that the institution of a suit against Smith on the 12th day of May, 1978, for the acts complained of in the complaint, would be affirmatively barred by all applicable Statutes of Limitation; that the provisions of Title 26, § 312 of the Code of Alabama did not preclude Plaintiff from making Smith a party Defendant to this cause at an earlier date, in that the statute, being unconstitutional, is void as a matter of law from its inception; that Plaintiff's motion seeking to add Smith as a party Defendant is not timely made and that the allowance of the amendment would be manifestly prejudicial to the ability of the said E.L. Smith to conduct his defense in the cause, especially in view of the fact that Plaintiff's motion comes on to be considered when the cause is pending on the current trial docket.
 "Based upon the foregoing findings, the Court is of the opinion that Plaintiff's motion seeking to amend the complaint so as to add E.L. Smith as a party defendant is without merit and is due to be denied, and it is therefore
 "ORDERED, ADJUDGED AND DECREED that the said motion to amend be, and hereby is overruled and denied.
"Done at Monroeville this 1st day of June, 1978.
 /s/ R.E.L. Key
CIRCUIT JUDGE"
The plaintiff then filed a motion for final judgment under Rule 54 (b), ARCP. The trial court granted this motion and the plaintiff appealed. We affirm.
The sole issue presented is whether the trial court erred in refusing to allow the amendment adding Smith as a party defendant more than two years after the death of Shirley. The plaintiff advances two theories in support of her argument that the amendment should have been allowed. First, she says adding Smith as a defendant was allowable under ARCP 9 (h) as a substitute for a fictitious party. That rule permits substitution:
 "When a party is ignorant of the name of an opposing party and so alleges in his pleading, the opposing party may be designated by any name, and when his true name is discovered, the process and all pleadings and proceedings in the action may be amended by substituting the true name."
We held in Browning v. City of Gadsden, 359 So.2d 361, 364, (Ala. 1978), that where the plaintiff knew the identity of the party she later sought to substitute for a fictitious party but was unaware of the factual basis giving rise to a claim for relief against that party, this lack of knowledge ". . . was `[ignorance] of the name of the opposing party' within the meaning of Rule 9 (h) at the time of the filing of the original complaint. . . ."
In the instant case, the plaintiff took Smith's deposition well in advance of the expiration of the two-year period for commencement of her action. This deposition was before the trial court when it considered the plaintiff's motion to substitute Smith for a fictitious party. Smith's deposition clearly demonstrates that he revealed sufficient facts from which Shirley might have decided to bring a claim for relief against him. Because Shirley knew Smith's *Page 1391 
identity and had sufficient factual basis to give rise to the action against him, she may not now claim to have been "ignorant of the name of [the] opposing party" within the meaning of Rule 9 (h). Browning v. City of Gadsden, supra;Hinton v. Hobbs, 349 So.2d 28 (Ala. 1977).
Shirley also argues that substitution of the party's real name for a fictitious party should be allowed in those cases in which the law did not provide a claim for relief against the defendant at the time the action was commenced but a later change in the law, while the suit was pending, provided the claim for relief.
Some California cases support the plaintiff's argument, but we need not decide whether we would adopt that rule in a different context. Grantham v. Denke, supra, held that the act immunizing co-employees from liability was unconstitutional. The law was not changed in the sense claimed by the plaintiff. If the act is unconstitutional, it was void from the beginning. The plaintiff here could have challenged its constitutionality as did the plaintiff in Grantham. This she did not do. Instead, more than two years after her husband's death she seeks to bring her claim relying on that decision. Nothing in that case suggests that claims not timely filed may be entertained against co-employees.
Finally, the plaintiff argues that because her action against Smith was statutorily prohibited at the time it accrued, the period from the date of death and the rendering of the decision in Grantham, supra, should be disregarded. She argues that §6-2-12, Code of Alabama 1975, supports her contention. That section provides:
 "When the commencement of an action is stayed by injunction or statutory prohibition, the time of the continuance of the injunction or prohibition is not computed as a part of the limitation time."
The action here is a wrongful death action. Its timeliness is not controlled by a statute of limitations but, rather, by the two-year period contained within the provision creating the right of recovery. We need not decide whether § 6-2-12 would toll the statute of limitation on an action controlled by §25-5-11 (a), Code of Alabama 1975, since it has no effect on the time period for commencement of a wrongful death action under § 6-5-410, Code of Alabama 1975. Nicholson v. LockwoodGreene Engineers, Inc., 278 Ala. 497, 179 So.2d 76 (1965);Larry v. Taylor, 227 Ala. 90, 149 So. 104 (1933).
The judgment appealed from is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.
 *Page 251