We are once again called upon to state the law with respect to fictitious parties and an amendment's relation back so as to avoid the bar of the statute of limitations.
The original complaint was filed on October 14, 1982. The caption described the parties as:
"DOROTHY MAY MOORER, Plaintiff
"vs.
 "THE CITY OF BIRMINGHAM, Alabama, a municipal corporation; X, Y, and Z, the legal entity responsible for the repair and maintenance of the streets, alleys, and public ways of the City of Birmingham, Alabama, on October 14, 1981, and whose carelessness, neglect, or failure to remedy a defect in said streets *Page 98 
alleys or public ways caused the injuries to the Plaintiff referred to in the complaint, whose true name and legal description is otherwise unknown to Plaintiff but will be supplied by amendment when ascertained, Defendants."
The complaint contained one theory of liability, stated as follows:
 "2. Plaintiff avers that on or about October 14, 1981, Defendants negligently maintained the streets, alleys, and public ways at or near 27th Street between 30th and 31st Avenues North, Birmingham, Alabama. As a proximate consequence of said negligence, Plaintiff was caused to fall and seriously injure herself as hereafter described."
As indicated, the complaint was filed on the last day allowed by the statute of limitations on the negligence claimed therein.
Subsequently, the plaintiff propounded interrogatories to the City of Birmingham, which contained the following question:
 "1. Do you deny that you were the party responsible for the repair and maintenance of the streets, alleys, and public ways at or near 27th Street between 30th and 31st Avenue, North on October 14, 1981?
 "a. If you do deny such responsibility, please state the name of the person, firm or corporation whom you claim to be so responsible on said date at said place."
The City of Birmingham filed answers to these interrogatories in the following form:
"1. Yes.
 "(a) It appears that the condition which allegedly caused the plaintiff to fall was located within an area where a sidewalk cut away was being constructed by Doster Construction Company under a contract with Carraway Methodist Hospital where they were responsible for maintaining the safety of the area and would have primary liability under 11-47-191, Code of Alabama 1975."
The plaintiff thereupon filed the following amendment to her complaint:
 "Comes now the Plaintiff in the above action and amends her Complaint heretofore filed as follows:
 "1. By changing and re-designating party `X' as `Doster Construction Company, Inc., a corporation'.
 "2. By changing and re-designating party `Y' as `Carraway Methodist Medical Center, a corporation'."
Doster Construction Company, Inc., filed a motion to dismiss the complaint, alleging that the statute of limitations barred the claim against it. The trial court granted the motion, noting in its order that it appeared that the cause of action against Doster was barred by the statute of limitations. The court subsequently entered a 54 (b), A.R.Civ.P., order, and the plaintiff appealed. We reverse.
This Court has addressed the question raised on this appeal, or very similar ones, in seven recent cases: Phelps v. SouthAlabama Electric Co-op, 434 So.2d 234 (Ala. 1983); ColumbiaEngineering International, Ltd. v. Espey, 429 So.2d 955 (Ala. 1983); Threadgill v. Birmingham Board of Education,407 So.2d 129 (Ala. 1981); Walden v. Mineral Equipment Co., 406 So.2d 385
(Ala. 1981); Minton v. Whisenant, 402 So.2d 971 (Ala. 1981);Fowlkes v. Liberty Mutual Ins. Co., 392 So.2d 803 (Ala. 1980);Shirley v. Getty Oil Co., 367 So.2d 1388 (Ala. 1979).
As demonstrated by this appeal, we have not succeeded in our efforts to clarify the rule, which has been confused by some of the statements contained in one or more of these recent cases. This case represents a textbook example of how and under what circumstances the rule was intended to operate. Here, the plaintiff did not know who was responsible for the maintenance of the street at the time her complaint was filed. Not knowing, she properly included them by naming them fictitiously and describing them by the function they performed. In addition, and as required by the above cases, she stated a cause of action against all defendants in the body of her complaint. No more is required. *Page 99 
Apparently Bench and Bar are interpreting our recent cases to require that a cause of action be stated separately in the complaint against each fictitious party. This is not necessary. As we said in one or more of those cases, no more particularity is required in stating a claim against a fictitious party than is required in stating a claim against a party whose name is known at the time the complaint is filed. Here, the complaint satisfies the rule by alleging that the defendants, plural, negligently maintained the streets, etc. Nothing would have been added by restating the very same allegation against fictitious party X.
We hold that the body of the complaint, as originally filed, states a cause of action, or a claim upon which relief may be granted, against Doster Construction Company, which was initially sued as fictitious party X under Rule 9 (h), A.R.Civ.P. The amendment substituting Doster for fictitious party X, therefore, relates back to the time of the filing of the original complaint, under Rule 15 (c), A.R.Civ.P. Therefore, the statute of limitations is not a bar to the claim against Doster. This comports with the two requirements announced in our previous cases: "(1) Plaintiff must state a cause of action against the fictitious party in the body of the original complaint; and (2) plaintiff must be ignorant of the identity of the fictitious party. . . ." Columbia EngineeringInt'l, Ltd. v. Espey, 429 So.2d at 958.
We have not found a contrary holding in any of the recent cases cited previously. Justice Embry, with whom Justice Faulkner joined, expressed a contrary view in his dissenting opinion in Phelps, supra. A majority, however, has consistently held that the procedure followed in this case is sufficient to comply with the statute of limitations.
The judgment of the trial court is reversed, and the cause is remanded.
REVERSED AND REMANDED.
All the Justices concur, except ALMON, J., not sitting.