This is a wrongful death case. On November 1, 1979, Stanley Dan Harvell died as a result of injuries that he received while employed by the Georgia-Pacific Corporation. Mr. Harvell was decapitated when he attempted to repair a "bark-shredder" that had malfunctioned. *Page 853 
On August 18, 1981, plaintiff Dan Harvell, as administrator of the estate of Stanley Dan Harvell, filed suit against certain named and various fictitious defendants. When the original complaint was filed, plaintiff did not know, among others, the name of the general electrical contractor, or the identity of the entity responsible for installing the "bark-shredder." In the caption of the original complaint, the plaintiff included, inter alia, a designation of the following fictitious defendant:
 "L, * * * the general electrical contractors who were in charge of electrical work at the plant where plaintiff's intestate was working at the time of the accident made the basis of this suit."
Also, the body of plaintiff's original complaint contained the following averments (emphasis added):
 "1. Plaintiff avers that the defendants were negligent in the design or installation or manufacture or inspection of the shredder and premises where plaintiff's intestate was working at the time of his death.
 "2. Plaintiff further avers that defendants were negligent in the design or installation or inspection or operation or manufacture, etc. of electrical components necessary for the operation of the equipment where plaintiff's intestate was working on the occasion of his death.
 "3. Plaintiff avers that the defendants were negligent in providing plaintiff's intestate with a safe place to work. Plaintiff avers that defendants
were negligent in failing to implement appropriate safety procedures with respect to the operation of the equipment where plaintiff's intestate was working at the time of the accident made the basis of this suit; and as a proximate consequence of the negligence of the the defendants, plaintiff's intestate was so injured that he died.
 "4. The equipment and its component parts and related apparatus upon which plaintiff's intestate was working were dangerous and defective, and because of the condition of the equipment and related parts, defendants violated the Alabama [Extended] Manufacturer's Liability Doctrine.
 "5. Plaintiff further avers that defendants
negligently failed to warn plaintiff's intestate of the dangerousness of the equipment or apparatus on and about which he was working at the time of his death; and as a proximate consequence of that negligence, plaintiff's intestate was so injured that he died."
Plaintiff's interrogatories to one of the named defendants included the following question:
 "Q6. State the correct legal designation and address of the general electrical contractor."
Answers to these interrogatories were filed on February 5, 1982, and included the following response:
"Q6. Ireland Electric Company, Augusta, Ga."
Five days later, on February 10, 1982, the plaintiff amended his complaint to substitute "IRELAND ELECTRIC COMPANY, Augusta, Georgia" in lieu of fictitious defendant "L".
On March 10, 1983, Ireland filed a motion for summary judgment, which asserted, in part:
 "4. [Since] [t]here was no claim made against this defendant in the body of the complaint as pursuant to all of the recent cases dealing with fictitious defendant and substitution thereof, this defendant is entitled to judgment as a matter of law."
The trial court entered a final order on April 27, 1983, according to A.R.Civ.P. 54 (b), granting Ireland's motion for summary judgment. The plaintiff proceeded to file his notice of appeal to this court.
The issue to be decided on appeal is as follows: Whether the use of the word "defendants" in the averments of plaintiff's original complaint is sufficient to state a legal cause of action against the fictitious parties named in the caption of the complaint *Page 854 
as "L. . . .," in accordance with A.R.Civ.P., Rule 9 (h), so that the amendment to the complaint naming Ireland Electric Company as a defendant will relate back to the date of filing of the original complaint in accordance with A.R.Civ.P., Rule 15 (c). We are of the opinion that it is sufficient.
The caption of plaintiff's complaint names every known defendant and describes several fictitious defendants in accordance with A.R.Civ.P., Rule 9 (h). Plaintiff then proceeds to allege several causes of action against "the defendants." From the structure of the complaint, it is obvious that plaintiff intended to, and did, assert each and every cause of action against each and every defendant, named or fictitious.
Ireland contends that the averment in the body of the original complaint charging the "defendants" does not constitute an adequate reference to a fictitious defendant. Ireland insists that in cases against fictitious parties, the plaintiff must do something which is not necessary in cases against named defendants; viz., the plaintiff must specifically repeat in the body of the original complaint the names and description of the fictitious defendants designated in the caption of the complaint in order to state a cause of action against those fictitious defendants. Such a practice is not required by, and was not contemplated by, the Alabama Rules of Civil Procedure. It is not consistent with the intent and purpose of A.R.Civ.P., Rule 9 (h).
The proper test is not the degree of particularity with which fictitious parties are described in the body of the complaint, but whether the complaint alleges any wrongful conduct by the fictitious party sufficient to constitute a cause of action against it. Columbia Engineering International v. Espey,429 So.2d 955, 959 (Ala. 1983).
Furthermore, this court has stated:
 "Any count in a complaint which would state a cause of action under our liberal notice pleading rules would also state a cause of action against a fictitious party. One need not state with more particularity a cause of action against an unknown party as compared to a named party — the test is the same."
Columbia Engineering, supra, at 960. See also Moorer v. DosterConstruction Company, Inc., 442 So.2d 97 (Ala. 1983), andDenney v. Serio, 446 So.2d 7 (Ala. 1984).
A different legal issue is presented by those cases in which the plaintiff had to amend his complaint to aver additional facts and/or new and different theories of liability which were not contained in the body of the original complaint in order to state a good cause of action against the fictitious defendant.See, e.g., Columbia Engineering, supra, Fowlkes v. LibertyMutual Insurance Company, 392 So.2d 803 (Ala. 1980); Minton v.Whisenant, 402 So.2d 971 (Ala. 1981); Walden v. MineralEquipment Co., 406 So.2d 385 (Ala. 1981).
Ireland has not questioned the sufficiency of the causes of action stated against the named defendants, and the court is of the opinion that the use of the phrase "the defendants" in each paragraph of plaintiff's complaint is sufficient to incorporate by reference all the named defendants and all the fictitious defendants who are described in the caption of the complaint. Plaintiff was not required to repeat the description of the fictitious party in the body of the complaint in order to state a cause of action against it in this case.
Since Ireland does not contend that it was improperly substituted as the entity described as fictitious party "L," and for the foregoing reasons, we hold that the complaint sufficiently states a cause of action against Ireland. Thus, summary judgment was improper in this case. The decision of the trial court is hereby reversed and the case remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and ALMON, SHORES and ADAMS, JJ., concur. *Page 855