This is a medical malpractice case. Evelyn L. Denney appeals from the summary judgment granted in favor of Dr. Robert Serio, who was substituted for a fictitious party defendant after the statute of limitations elapsed.
On March 8, 1978, Evelyn Denney sought emergency room treatment at Cullman County Hospital for injuries received in a fall in her home that same day. She was seen by an emergency room physician later identified as Dr. Robert Serio. Although Denney complained of severe pain in her left knee and ankle, Dr. Serio failed to diagnose a fracture of her left ankle which she had sustained in her fall. Denney then went to see Dr. Robert M. Little on March 9, 1978, and after several weeks of treatment, he also had failed to diagnose her broken ankle. Denney continued to experience severe pain and consulted other medical specialists, who properly diagnosed her fractured ankle approximately six weeks after her injury. The delay in diagnosis protracted the medical treatment normally needed for a fracture of this type, and Denney continued to experience severe pain following reduction of the fracture.
On March 5, 1980, Denney filed a complaint in Cullman Circuit Court against Dr. Robert M. Little; Doctors Hospital, Inc.; Cullman County Hospital Board, d/b/a Cullman Medical Center; and several fictitious defendants described in the captions as
 "JOHN DOE and RICHARD ROE, Individuals; A B, a partnership; XYZ, A CORPORATION, and ABC, a corporation, being the persons, partnership, or corporations who provided negligent or wanton medical care to the plaintiff, whose names are otherwise unknown but will be furnished by way of amendment when ascertained. . . ."
The complaint alleged that on March 8, 1978, and for a period of several weeks thereafter, Denney was at one time or another a patient of each of the defendants, and that during this period, the defendants' negligent and/or wanton failure to diagnose Denney's condition with regard to the injuries she sustained in a fall at her home proximately caused her permanent disability, continuing pain and suffering, and numerous medical and hospital bills.
Dr. Little and the Cullman County Hospital Board each filed motions to dismiss, which were denied, and on May 16, 1980, Denney amended her complaint, retaining the original defendants but substituting new counts. Denney now alleged that on March 8, 1978, a certain Cullman County emergency doctor whose name was unknown to Denney negligently and/or wantonly failed to X-ray and properly treat her broken ankle after Denney specifically told him that she thought her ankle was broken. Denney then alleged that this emergency room doctor's conduct and Dr. Little's negligent, and/or wanton failure to diagnose her broken ankle for a period of six weeks following her injury each proximately caused the injuries alleged in her original complaint.
Doctors Hospital, after filing an unsuccessful motion to dismiss, filed a motion for summary judgment based upon the pleadings and an affidavit which stated that Denney was never a patient at Doctors Hospital when the diagnosis complained of was made. The motion was granted.
Denney then amended her complaint on February 25, 1982, and added Dr. Robert Serio, the emergency room doctor, as a party defendant. Dr. Serio then filed a motion to dismiss the action against him for failure to state a claim, noncompliance with Rule 21, A.R.Civ.P., and the statute of limitations. The motion was set for hearing and on April 9, 1982, the hearing date, Denney filed a motion for leave to amend to substitute Dr. Serio for the fictitious *Page 9 
party defendant "John Doe." The circuit court then granted Dr. Serio's motion to dismiss and also granted Denney's motion for leave to amend subject to a later determination that Dr. Serio could be substituted for a fictitious party in accordance with Rule 9 (h), A.R.Civ.P.
On June 6, 1982, because Denney had not yet amended her complaint to substitute Dr. Serio for a fictitious defendant, Dr. Serio filed a motion for reconsideration of the court's order granting Denney's motion for leave to amend. The court considered the motion and withdrew the grant of leave to amend on June 17, 1982. On July 22, 1982, Denney filed a second amendment to her complaint, substituting Dr. Serio in place of fictitious defendant John Doe. Dr. Serio filed an answer on August 23 and two motions for summary judgment on September 7, 1982, and February 18, 1983. On November 30, 1982, Denney reached a pro tanto settlement of her claims against Dr. Little and Cullman County Hospital Board, Inc., and the lawsuit was dismissed as to these defendants on March 11, 1983. The circuit court granted Dr. Serio's motion for summary judgment on February 28, 1983, holding that because Dr. Serio was not properly substituted for a fictitious party defendant, the claim was barred by the statute of limitations. Denney filed notice of appeal to this Court on April 7, 1983.
The sole issue presented for review is whether Denney properly substituted Dr. Robert Serio for a fictitious defendant under Rule 9 (h), A.R.Civ.P., so that the substitution related back, by operation of Rule 15 (c), A.R.Civ.P., to the filing of the original complaint to avoid the statute of limitations bar.
Fictitious party practice in Alabama is governed by two provisions. Rule 9 (h), A.R.Civ.P., provides that
 "[w]hen a party is ignorant of the name of an opposing party and so alleges in his pleading, the opposing party may be designated by any name, and when his true name is discovered, the process and all pleadings and proceedings in the action may be amended by substituting the true name."
In the event that the substitution of the true name for the fictitious name occurs after the expiration of the appropriate statute of limitations, Rule 15 (c), A.R.Civ.P., provides that "[a]n amendment pursuant to Rule 9 (h), Fictitious Parties, is not an amendment changing the party against whom a claim is asserted and such amendment relates back to the date of the original pleading."
It is undisputed that Denney's second amended complaint, which substituted Dr. Serio for fictitious defendant John Doe, was filed after the expiration of the appropriate statute of limitations. Code 1975, § 6-5-482 (a), which governs Denney's complaint, provides that all medical malpractice actions must be commenced within two years after the tortious event occurs. The two-year statute began to run against Denney's claim on March 8, 1978, the date on which the first tortious act or omission allegedly occurred. Denney filed her original complaint, which included several fictitious parties defendant on March 5, 1980; the statute expired on March 8, 1980, and Denney filed her second amended complaint, which substituted Dr. Serio for a fictitious defendant, on July 22, 1982.
Denney contends, however, that this substitution complied with Rule 9 (h) and, therefore, under Rule 15 (c), A.R.Civ.P., related back to the date of her original complaint, which had been filed within the statute of limitations, and therefore that the trial court erred in granting summary judgment in favor of Dr. Serio.
Invocation of the relation-back principle in fictitious party practice is premised upon the plaintiff's satisfaction of two conditions: 1) the plaintiff must state a cause of action against the fictitious party in the body of the original complaint; and 2) the plaintiff must have no knowledge of the identity of the fictitious party when filing the original complaint. Phelps v. South Alabama Elec. Co-op., 434 So.2d 234,236 (Ala. 1983) (related authority omitted). *Page 10 
This Court, in Columbia Engineering Int'l, Ltd. v. Espey,429 So.2d 955 (Ala. 1983), held that in order for a plaintiff to state a cause of action against a fictitious defendant in the body of the original complaint, the complaint must contain a description of wrongdoing on the part of the fictitious defendant.[1] We then delineated the standard used to test the sufficiency of the plaintiff's allegations against a fictitious defendant contained in the body of the original complaint:
 "Any count in a complaint which would state a cause of action under our liberal notice pleading rules would also state a cause of action against a fictitious party. One need not state with more particularity a cause of action against an unknown party as compared to a named party. . . ."
Columbia Engineering Int'l, Ltd. v. Espey, 429 So.2d at 960.
Under this standard, the allegations contained in the body of Denney's original complaint were clearly sufficient to state a cause of action against Dr. Serio.
Denney alleged that on or about March 8, 1978, and for several weeks thereafter, she was a patient at one time or another of each of the defendants, thereby incorporating by reference the fictitious defendants enumerated in the caption. Denney then described the allegedly wrongful conduct of each of the defendants, including the fictitious defendant Dr. Serio, when she alleged that during this period the defendants
negligently and/or wantonly failed to diagnose her condition with regard to the injuries that she had sustained in a fall at her home. Denney then described the location of these injuries when she alleged that as a proximate result of the defendants' negligent and/or wanton failure to diagnose her condition, her leg did not properly heal from the injuries sustained in the fall at her home.
Because evidence exists establishing that on March 8, 1978, Dr. Serio did in fact treat Denney for leg injuries sustained in a fall at her home, the allegations contained in the body of Denney's original complaint were sufficient to state a cause of action against Dr. Serio based upon his allegedly wrongful conduct in negligently and/or wantonly failing to diagnose her injuries.
Although Denney amended her original complaint to allege with greater particularity Dr. Serio's identity as the emergency room doctor at Cullman County Hospital and his allegedly wrongful conduct in negligently and/or wantonly failing to X-ray her ankle and to properly treat her injury, this refinement does not detract from the sufficiency of her original cause of action. "The proper scope of comparison is whether there was a cause of action stated in the body of the complaint, not on the degree of particularity with which the fictitious defendant is described." Columbia Engineering Int'l,Ltd. v. Espey, 429 So.2d 955, 959. See also, Harvell v. IrelandElectric Company, 444 So.2d 852 (Ala. 1984), and Moorer v.Doster Constr. Co., 442 So.2d 97 (Ala. 1983), holding that allegations in the original complaint that defendants committed actionable wrongs sufficiently stated causes of action against fictitious parties.
Moreover, because the amended complaint merely detailed the original negligent-and/or-wanton-failure-to-diagnose cause of action instead of substituting Dr. Serio for a fictitious defendant and simultaneously alleging a new cause of action against this defendant, the amendment does not flout the policy considerations underlying Rule 9 (h), A.R.Civ.P., which do not give plaintiffs additional time beyond the statutorily prescribed period within which to formulate a cause of action.See Browning v. City of Gadsden, 359 So.2d 361 (Ala. 1978). *Page 11 
The second condition precedent to the invocation of the relation-back principle in fictitious party practice is the plaintiff's ignorance of the fictitious party's identity when filing the original complaint.
The record reveals evidence sufficient to establish that Denney first gained knowledge of Dr. Serio's name on February 25, 1982, almost two years after filing the original complaint. Yet, because Denney did not formally substitute Dr. Serio for a fictitious party defendant until July 22, 1982, Dr. Serio argues that this delay destroyed her ignorance of his true identity, thereby precluding invocation of the relation-back principle to avoid the statute of limitations.
Although this Court has refused to apply the relation-back principle to inordinate delays from the time of knowledge of the fictitious party's true identity until actual substitution of the fictitious party's true name — see Walden v. MineralEquipment Co., 406 So.2d 385 (Ala. 1981) (three-year delay too long); Shirley v. Getty Oil Co., 367 So.2d 1388 (Ala. 1979) (17-month delay too long) — Dr. Serio proffered no evidence establishing that Denney's dilatory substitution in fact prejudiced him. See generally Ex parte Tidmore, 418 So.2d 866
(Ala. 1982) (two-year delay in substituting proper defendant too long where party sought to be added would be prejudiced thereby).
Where Dr. Serio retained counsel to defend himself against Denney's claim as early as February 25, 1982, in response to Denney's abortive attempt to add him as a party defendant, Denney's five-month delay in properly substituting him for a fictitious defendant cannot be said to have prejudiced him.
Because we hold that Denney not only stated a cause of action against Dr. Serio in the body of her original complaint, but also lacked knowledge of his true name when filing the original complaint so as to invoke the relation-back principle of Rules 9 (h) and 15 (c), A.R.Civ.P., the circuit court erred in granting summary judgment in favor of Dr. Serio based upon the statute of limitations.
The judgment of the circuit court granting summary judgment in favor of Dr. Robert Serio is reversed and the cause remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, EMBRY and ADAMS, JJ., concur.
[1] In light of our holding in Columbia Engineering Int'l, Ltd.v. Espey, 429 So.2d 955, 959 (Ala. 1983), and its progeny, the federal case of Baggett v. Alto Corp., 459 F. Supp. 989, 991
(N.D.Ala. 1978), is incorrect in stating that Alabama law doesnot require a plaintiff to make allegations of wrongdoing against a fictitious party in order to add him as a party under Rule 9 (h) and obtain the benefits of Rule 15 (c), A.R.Civ.P.