Paul Cooper, Larry Williams, and Larry Brand, by permission of this Court, appeal from interlocutory orders entered in a personal injury action denying their respective motions for summary judgment and reconsideration based on the statute of limitations. We affirm.
On September 28, 1979, while working as a laborer, at the Jim Dandy Company in Birmingham, Alabama, R.C. Thomas, Jr., then eighteen years old, was caused to slip on a wet and slippery floor within the Jim Dandy plant and fall into an unguarded Surg Hopper Machine. As a result of this fall, Thomas suffered permanent injury to his left arm and hand.
Thomas reached age 19 on April 25, 1980. The one-year statute of limitations began to run that day. Thomas filed suit in Jefferson County Circuit Court on April 24, 1981, one day before the expiration of the one-year statute of limitations, seeking monetary damages for his injuries. Named in the complaint as originally filed were Paul O. Burge Engineering Professionals, a partnership; Paul O. Burge Engineering Professionals, a corporation; Paul O. Burge, an individual; Aetna Life and Casualty Insurance Company, a corporation; fictitious defendants "A", "B", and "C"; and fictitious defendants 1 through 32.
For purposes of this appeal, we note that the caption of the complaint describes fictitious defendant "B" as:
 ". . . that company officer, owner or employee of the Jim Dandy Company known as the Safety Director." *Page 282 
Fictitious defendant number 27 is described as:
 ". . . that entity who or which conducted the safety inspections or analyses at or with reference to the site of the occurrence made the basis of Plaintiff's Complaint prior to the date of said occurrence."
Fictitious defendant number 28 is described as:
 ". . . that entity who or which controlled, or had the right to control the work being done by Plaintiff or Plaintiff's employer at the time of the occurrence made the basis of Plaintiff's Complaint."
At the conclusion of the description of the fictitious defendants, plaintiff averred that he did not know the identity of the foregoing fictitious parties defendant at the time he filed the complaint, or in the alternative, if he did know the names, he did not know their identity as proper parties defendant but that he would amend the complaint and substitute the real parties when their identity was ascertained.
The original complaint contained six counts. Paragraph five of count one is central to our consideration. It provides:
 "5. Plaintiff, R.C. Thomas, Jr., further avers that all of his injuries and damages were the direct and proximate result of the negligence of the defendants
in one or more of the following aspects: (a) in negligently manufacturing said SURG HOPPER MACHINE without reasonably adequate safety guards . . . (b) negligently designing said SURG HOPPER MACHINE without reasonably adequate safe guards . . . (c) Defendants negligently failed to warn the plaintiff of the hazard, and danger."
(Emphasis added.)
On May 15, 1981, by motion of the defendant Aetna, the cause was removed to United States District Court for the Northern District of Alabama, on the basis of diversity jurisdiction. There, Aetna successfully sought summary judgment in its favor and against Thomas.
Thomas claims that through an affidavit proffered in support of Aetna's motion for summary judgment, he first learned the names of fictitious defendants "B", "27", and "28". Thereafter, on March 1, 1982, Thomas amended his complaint, substituting Larry Williams, Larry Brand, and Paul Cooper for fictitious defendants "B", "27", and "28" respectively.
The addition of Paul Cooper to the amended complaint destroyed diversity jurisdiction. Accordingly, on September 27, 1982, the action was remanded to the Jefferson County Circuit Court.
In that court, on November 10, 1982, Cooper and Williams filed a motion for summary judgment, averring that Thomas's amendment substituting them for fictitious defendants number "28" and "B", respectively, was barred by the one-year statute of limitations. The trial court subsequently denied their motion.
On April 21, 1983, Thomas again amended his complaint so as to include counts VII and VIII. They read in pertinent part:
"Count VII
". . . .
 "3. The defendant Paul Cooper was Vice-President of Jim Dandy Company on and before the 28th day of September, 1979. The defendant Larry Williams was Safety Director of the Jim Dandy Company on and before the 28th day of September, 1979. The defendant Larry Brand was Personnel Director of the Jim Dandy Company on and before the 28th day of September, 1979.
 "4. All the defendants as described in Paragraph Three of Count Seven of Plaintiff's complaint on and before the 28th day of September, 1979 knew or with the exercise of reasonable care, should have known that a `guard around the sprocket' of the SURG HOPPER MACHINE had been removed by maintenance some several days prior to the 28th day of September, 1979. The defendants' SURG HOPPER MACHINE operating in the unguarded condition created a dangerous hazard to the safety of *Page 283 
the plaintiff. Defendants negligently failed to warn the Plaintiff of the risk, hazard and danger."
"Count VIII
". . . .
 "2. The defendants wantonly caused or wantonly allowed the SURG HOPPER MACHINE to be operated in its unguarded condition. Defendants wantonly failed to warn the plaintiff of the risk, hazard and danger as aforesaid. As a proximate result of the defendants' wantonness as aforesaid, plaintiff, R.C. Thomas, Jr., received the following wanton injuries. . . ."
On May 27, 1983, Cooper and Williams filed a motion for reconsideration of the denial of their motion for summary judgment. On the same day, Brand filed a motion for summary judgment on the ground that Thomas's amendments were barred by the statute of limitations. The trial court denied both motions on December 19, 1983.
On December 29, 1983, Cooper, Williams, and Brand filed a petition for permission to appeal pursuant to A.R.A.P. 5. The petition was granted by this Court on January 24, 1984.
The first issue raised on appeal is whether the use of the word "defendants" in the body of Thomas's original complaint is sufficient to state a cause of action against fictitious defendants "B", "27", and "28" as described in the caption of the complaint, in accordance with A.R.Civ.P. 9 (h), so that the amendment to the complaint naming Cooper, Williams, and Brand will relate back to the original complaint in accordance with A.R.Civ.P. 15 (c).
We may summarily dispose of this issue by turning to two recent decisions of this Court. In both, Harvell v. IrelandElectric Company, 444 So.2d 852 (Ala. 1984), and Moorer v.Doster Construction Company, Inc., 442 So.2d 97 (Ala. 1983), this Court held that the use of the phrase "the defendants" in each paragraph of the body of the plaintiff's complaint was sufficient to incorporate by reference all the named defendants and all the fictitious defendants who were described in the caption of the complaint. See also, Denney v. Serio,446 So.2d 7 (Ala. 1984). In this case, Thomas's original complaint avers that the "defendants negligently failed to warn the plaintiff of the hazard and danger." In light of the foregoing authority, we hold that Thomas's original complaint was sufficient to state a cause of action against fictitious defendants "B", "27", and "28." We also hold that the trial court could have found Thomas was ignorant of the proper identification of the fictitious defendants. Accordingly, Thomas's amended complaint substituting Cooper, Williams, and Brand for fictitious defendants "B", "27", and "28" relates back to the original pleading in accordance with A.R.Civ.P. 15 (c).
The second issue presented for our review concerns whether counts VII and VIII, included in Thomas's amended complaint, likewise relate back to the original pleading in accordance with A.R.Civ.P. 15 (c). A.R.Civ.P. 9 (h) is not intended to give plaintiffs additional time to formulate new theories of liability beyond the statutorily prescribed period.[1] ColumbiaEngineering Int'l, Ltd. v. Espey, 429 So.2d 955, 959 (Ala. 1983). Thus, where the plaintiff attempts through amendment to aver new facts or a new cause of action, beyond the statute of limitations period, which were not included in the original complaint, the amendment is barred. See Hinton v. Hobbs,349 So.2d 28 (Ala. 1977). However, where the amendment is merely a more definite statement, or refinement, of a cause of action set out in the original complaint, the amendment relates back to the original complaint in accordance with A.R.Civ.P. 15 (c). See Denney v. Serio, 446 So.2d 7 (Ala. 1984). *Page 284 
We find that Count VII in Thomas's amended complaint, states no new cause of action, but rather merely rearticulates with more specificity the allegation against the defendants contained in paragraph 5 (c) of count I in the original complaint; more precisely that the defendants negligentlyfailed to warn Thomas of the danger and hazard created by a Surg Hopper Machine which lacked a safety guard. Moreover, Count VIII relates back, since that count alleges wantonness that arises out of the same transaction. Employers Casualty Co.v. Hagendorfer, 393 So.2d 999 (Ala. 1981); Bracy v. SippialElectric Co., 379 So.2d 582 (Ala. 1980).
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
[1] Section 6-2-34, Code 1975, provides a six-year statute of limitations for trespass resulting from wantonness; nevertheless, where, as here, the wantonness constitutes trespass on the case, the action is governed by the one-year statute of limitations set out in § 6-2-39 (a)(5), Code 1975. See Sasser v. Dixon, 290 Ala. 17, 273 So.2d 182 (1973).