I dissent. I write to note the pertinence to this case of the following statement from Denney v. Serio, 446 So.2d 7, 11 (Ala. 1984):
 "Although this Court has refused to apply the relation-back principle to inordinate delays from the time of knowledge of the fictitious party's true identity until actual substitution of the fictitious party's true name — see Walden v. Mineral Equipment Co., 406 So.2d 385 (Ala. 1981) (three-year delay too long); Shirley v. Getty Oil Co., 367 So.2d 1388
(Ala. 1979) (17-month delay too long) — [Kayo] proffered no evidence establishing that [Crowl's] dilatory substitution in fact prejudiced [it]. See generally Ex parte Tidmore, 418 So.2d 866 (Ala. 1982) (two-year delay in substituting proper defendant too long where party sought to be added would be prejudiced thereby)."
The record contains no indication that Kayo ever asserted to the trial court that Crowl's delay in substituting Kayo as a named defendant caused it any prejudice other than mere undesired involvement in the case.
Lyons, J., concurs.