PARKER, Justice.

I. Background

Clarence Heard claims he was injured on November 23, 2002, in an accident involving a positive flow continuous fermen-ter manufactured by APV North America, Inc. (“the APV tank”), while he was employed by Ventura Foods, L.L.C. On November 22, 2004, Heard and his wife, Janice, sued APV North America and others, including several fictitiously named defendants, claiming that Clarence’s injury was caused by the negligence of the defendants in designing, manufacturing, and installing the APV tank.
On February 15, 2006, the Heards filed an amended complaint, substituting Dwayne Atkinson for one of the fictitiously named defendants, claiming that Atkinson was one of the employees or supervisors at Ventura Foods who had negligently installed the APV tank. Atkinson filed a motion asking the trial court to dismiss him as a defendant because, he says, the statute of limitations on the Heards’ claim had expired before the Heards named him as a defendant. The trial court denied Atkinson’s motion to dismiss, and Atkinson petitioned this Court for a writ of mandamus directing the trial court to dismiss him as a defendant.

II. Standard of Review

“ ‘A writ of mandamus is an extraordinary remedy that requires the showing of: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.’ Ex parte McNaughton, 728 So.2d 592, 594 (Ala.1998).”
Ex parte State Farm Mut. Auto. Ins. Co., 761 So.2d 1000, 1002 (Ala.2000). Furthermore, this Court has held that a petition for a writ of mandamus is the appropriate vehicle by which to challenge the trial court’s denial of a motion to dismiss or a motion for a summary judgment based on a statute-of-limitations defense when “the undisputed evidence shows that the plaintiff failed to act with due diligence in identifying the fictitiously named defendant as *1003 the party the plaintiff intended to sue.” Ex parte Snow, 764 So.2d 531, 537 (Ala.1999). See also Ex parte Chemical Lime of Alabama, Inc., 916 So.2d 594 (Ala.2005).

III. Analysis

The Heards filed their complaint on November 22, 2004, one day before the two-year statute of limitations expired. Atkinson was not listed as a defendant at that time; rather, they listed several fictitiously named defendants and Atkinson was substituted for one of those fictitiously named defendants on February 15, 2006, well after the expiration of the two-year statute of limitations.
Rule 9(h), Ala. R. Civ. P., provides:
“When a party is ignorant of the name of an opposing party and so alleges in the party’s pleading, the opposing party may be designated by any name, and when that party’s true name is discovered, the process and all pleadings and proceedings in the action may be amended by substituting the true name.”
This Court has stated on numerous occasions that in order to invoke the relation-back principles of Rule 9(h), that is, in order for the amended complaint with the defendant’s true name to relate back to the original complaint with the fictitious name, the plaintiff must establish (1) that the plaintiff was ignorant of the identity of the fictitiously named party, in the sense of having no knowledge at the time the complaint was filed that the party subsequently named was in fact the party intended to be sued, Columbia Engineering International, Ltd. v. Espey, 429 So.2d 955 (Ala.1983); and (2) that the plaintiff used due diligence to discover the defendant’s true identity before filing the original complaint, Fulmer v. Clark Equipment Co., 654 So.2d 45 (Ala.1995).
Atkinson argues that Clarence Heard knew his identity and his involvement with the installation of the APV tank before the Heards filed their original complaint. He cites the following in the deposition given by Clarence Heard on December 6, 2005:
“Q. Was the tank already installed when you moved to the 79th Street facility?
“A. Yes.
“Q. Was the piping already hooked up to it?
“A. No.
“Q. Were there people that were working on the [APV] tank when you went there, when you moved to that facility?
“A. Yes.
“Q. Do you know who they were?
“A. I know Dwayne, Dwayne Atkinson. He was over it.
“Q. All right. Now I’m going to have to ask you to spell Dwayne’s last name if you can for me.
“A. I can’t spell it.
“Q. Can you pronounce it for me again?
“A. Dwayne Atkinson.
“Q. Atkinson?
“A. Yeah, I think that’s it.
“Q. Does Dwayne still work at Ventura [Foods]?
“A. Yes.
“Q. In what department does he work?
“A. He works in engineering.
“Q. Was he super — let me start over. From your observations, did it appear that Dewayne Atkinson was supervising the installation of the [APV] tank?
“A. Yes, he was.
[[Image here]]
“Q. For how many days or weeks did you observe Dwayne Atkinson and these contractors working on the [APV] tank and connecting pipes to it?
“A. I can’t recall.
*1004 “Q. Okay. What did you see them do with respect to the [APV] tank?
“A. I just saw them hanging pipes, that’s all.”
Atkinson argues that Heard’s answers in this deposition establish that Heard knew Atkinson’s true identity long before the Heards filed their original complaint and that, even if there is doubt as to whether he knew Atkinson’s exact name at that time, he knew enough about Atkinson that with due diligence he could have determined Atkinson’s true identity.
The Heards argue that Clarence Heard did not know Atkinson. They note that in Clarence’s answers to interrogatories filed on October 19, 2005, he identified Dwayne Atkinson as “Dewayne Adkins.” They also cite testimony of other employees of Ventura Foods who stated that they did not know Atkinson. This, however, does not demonstrate the ignorance of the defendant’s identity that Columbia Engineering and other cases require. Even if it did establish ignorance, it falls far short of establishing that the Heards could not have learned Atkinson’s true name with due diligence, as Fulmer requires. Certainly, if they knew that someone with a name similar to “Dewayne Adkins” worked as a supervisor for Ventura Foods, with due diligence they could have learned Atkinson’s true identity.
The Heards also argue that Atkinson has failed to demonstrate that he has suffered any prejudice from their failure to name him as a party in the earlier complaint, because, according to the Heards, he was aware of his participation in the events underlying their action. However, the cases cited by the Heards do not support their position. In Denney v. Serio, 446 So.2d 7 (Ala.1984), Denney was allowed to amend her pleading by substituting Serio as a defendant for one of the fictitiously named defendants even though the statute of limitations had expired, because the defendant had suffered no substantial prejudice resulting from her failure to name him in the original complaint. However, Denney had clearly established that she had no knowledge of Serio’s identity at the time she filed her complaint. Likewise, in Wallace v. Doege, 484 So.2d 404 (Ala.1986), Doege was allowed to name Wallace as a defendant in place of the fictitiously named party even though the statute of limitations had expired; however, like Denney, Doege had established that she had no knowledge of Wallace’s identity when she filed her original complaint. In each of these cases, the question of the prejudicial effect on the named defendant arises only after the plaintiff shows ignorance of the defendant’s identity at the time of filing the original complaint. Even if the plaintiff can establish this lack of knowledge, however, the court will not allow the substitution if the plaintiff has inordinately delayed in amending the complaint and if the defendant is prejudiced by the plaintiffs delay. In this case, the Heards have failed to establish that they were ignorant of Atkinson’s identity, and they have failed to establish that they could not have learned his identity through due diligence before they filed their original complaint. Therefore, we do not reach the issue of any prejudice to Atkinson caused by allowing the Heards to amend their complaint to add him as a named defendant.

TV. Conclusion

Atkinson has established that the Heards were not ignorant of his identity when they filed their original complaint. Therefore, the Heards’ amended complaint does not relate back to their original complaint; it is therefore time-barred as it relates to Atkinson.
Accordingly, the trial court exceeded its discretion in denying Atkinson’s motion to *1005 dismiss. This Court therefore grants Atkinson’s petition for the writ of mandamus and directs the trial court to dismiss Atkinson as a defendant in this case.
PETITION GRANTED; WRIT ISSUED.
COBB, C.J., and SEE, LYONS, WOODALL, STUART, SMITH, BOLIN, and MURDOCK, JJ., concur.