IN THE DISTRICT COURT OF THE UNITED STATES FOR THE 

 MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION 

DENNIS COLEMAN, ) 
 ) 
 Plaintiff, ) 
 ) CIVIL ACTION NO. 
 v. ) 2:20cv57-MHT 
 ) (WO) 
DOLLAR TREE STORES, ) 
 ) 
 Defendant ) 

 OPINION AND ORDER 
 After a slip-and-fall incident, plaintiff Dennis 
Coleman brought this suit for negligence in an Alabama 
state court against defendant Dollar Tree Stores and a 
number of fictitious defendants, including the “Manager 
of Dollar Tree Store Fairview Avenue.” Dollar Tree then 
removed this action to this federal court. This court 
now has under submission Coleman’s motion to remand and 
motion for jurisdictional discovery. For the following 
reasons, both motions will be denied. 
 In general, “any civil action brought in a State 
court of which the district courts of the United States 
have original jurisdiction, may be removed by the 

defendant or the defendants.” 28 U.S.C. § 1441(a). 
Further, “[t]he district courts shall have original 
jurisdiction of all civil actions where the matter in 
controversy exceeds the sum or value of $ 75,000, 

exclusive of interest and costs, and is 
between--(1) citizens of different States.” Id. at 
§ 1332(a); see also Strawbridge v. Curtiss, 7 U.S. 267, 
267 (1806) (requiring complete diversity of parties). 

 In its notice of removal and amended notice of 
removal, Dollar Tree timely alleged that that it is a 
citizen of Virginia; Coleman is a citizen of Alabama; and 
the amount in controversy was greater than $ 75,000. 

 In his motion to remand, Coleman argues that removal 
was improper because Dollar Tree “has not alleged that 
the Store Manager of its Fairview Avenue store was a 

non-resident of the State of Alabama.” Mot. to Remand 
 2 
(doc. no. 9) at 2. He named the “Manager of Dollar Tree 
Store Fairview Avenue” as a defendant in the caption of 
the state complaint, as is proper under Alabama law. See 

Ala. R. Civ. P. 9(h) (allowing fictitious party 
pleading); see also Harvell v. Ireland Elec. Co., 444 So. 
2d 852, 854 (Ala. 1984) (clarifying that it is sufficient 
for fictitious parties to be named in only the caption 

of a complaint). He contends that, because he 
“specifically identified the manager by title and duties” 
and “served said manager by process server,” complete 
diversity was destroyed, and removal was improper. Mot. 

to Remand (doc. no. 9) at 6. 
 The court disagrees for two primary reasons. First, 
Coleman’s argument is based on a misunderstanding of how 
removal works when the complaint names a fictitious 

defendant. For, under federal law, “[i]n determining 
whether a civil action is removable ... the citizenship 
of defendants sued under fictitious names shall be 

disregarded.” 28 U.S.C. § 1441(b). This is true even 
 3 
if the store manager were likely an Alabama citizen. See 
Walker v. CSX Transp. Inc., 650 F.3d 1392, 1396 n.11 
(11th Cir. 2011) (“Moreover, that the fictitious 

defendants were likely Georgia citizens did not destroy 
complete diversity because § 1441(a) requires that 
fictitious ‘named’ parties be disregarded for purposes 
of diversity jurisdiction.”) 

 Second, Coleman’s description of the store manager 
is not “so specific as to be ‘at the very worst, 
surplusage.’” Richardson v. Johnson, 598 F.3d 734, 738 
(11th Cir. 2010) (quoting Dean v. Barber, 951 F.2d 1210, 

1215 n.6 (11th Cir.1992)). Coleman did not “adequately 
describe[] the person to be sued so that the person could 
be identified for service.” Dean, 951 F.2d at 1215 n.6. 
This is because, as Dollar Tree notes, the person served 

may not have been the manager “at the time of the subject 
accident.” Def.’s Response (doc. no. 13) at 7 n.3. 
 In his motion for post-removal jurisdictional 

discovery, Coleman acknowledges that the identity and 
 4 
residence of the store manager is currently unknown and 
asks for limited discovery because, “[f]or this case to 
be fairly adjudicated, the identity and residence of the 

‘store manager’ is crucial to the issue of whether 
diversity exists.” Mot. for Discovery (doc. no. 14) at 
2. But “when assessing removal, the citizenship of 
fictitiously named defendants must be ‘disregarded,’ not 

discovered.” Smith v. Comcast Corp., 786 F. App’x 935, 
939 (11th Cir. 2019) (internal citations omitted). 
 This is not to say that a plaintiff may never obtain 
jurisdictional discovery. For example, in Am. Civil 

Liberties Union of Fla., Inc. v. City of Sarasota, 859 
F.3d 1337 (11th Cir. 2017), the Eleventh Circuit Court 
of Appeals held that the district court abused its 
discretion when it denied the plaintiff such an 

opportunity. That is because “the jurisdictional facts 
in th[e] case [we]re genuinely in dispute.” Id. at 1339. 
“Federal subject-matter jurisdiction over th[e] removed 

case depend[ed] on whether Michael Jackson, a state law 
 5 
enforcement officer, created, submitted, and/or 
maintained certain records sought by the [plaintiff] in 
his capacity as a deputized federal officer.” Id. The 

defendant municipality claimed that Jackson was acting 
in his capacity as a deputized federal officer; the 
plaintiff disputed this. However, in this case, there 
are no “jurisdictional facts genuinely in dispute.” Id. 

“The language of the statute is unambiguous: ‘the 
citizenship of defendants sued under fictitious 
names shall be disregarded....’ Thus, there does not 
exist any ‘uncertainty,’ which would otherwise favor 

remand.” Gilbert & Caddy, P.A. v. JP Morgan Chase Bank, 
N.A., No. 15-CV-60653, 2015 WL 12862720 (S.D. Fla. June 
16, 2015) (Bloom, J.) (internal citations omitted); see 
also Estate of Cox v. Marcus & Millichap, Inc., No. 

8:18-CV-381-T-02AAS, 2018 WL 5004732 (M.D. Fla. Oct. 16, 
2018) (Jung, J.) (similar). 
 Further, there is an important difference between 

Coleman’s request for post-removal jurisdictional 
 6 
discovery and the routine discovery that happens in 
acivil case. The identity and residency of the store 
manager may become known through routine discovery. 

Coleman argues that, if he were to make an amendment to 
correct the name of the fictitiously named store manager, 
and if the manager were a resident of Alabama, then this 
court would be required to remand the case to state court. 

While the court may be presented with this issue later 
in this litigation, it need not address it at this time. 
Suffice to say that the outcome likely would depend on 
the threshold question whether the text of 28 U.S.C. 

§ 1447(e) applies: “If after removal the plaintiff seeks 
to join additional defendants whose joinder would destroy 
subject matter jurisdiction, the court may deny joinder, 
or permit joinder and remand the action to the State 

court.”* 

 * However, regardless of whether § 1447(e) 
applies, “Federal Rule of Civil Procedure 15(c)(1) allows 
federal courts to apply statelaw relation-back rules to 
amendments in a diversity case where state law provides 
 7 
 *** 
 Accordingly, it is ORDERED as follows: 
 (1) Plaintiff Dennis Coleman’s motion to remand 

 (doc. no. 9) is denied. 
 (2) Plaintiff Coleman’s motion for jurisdictional 
 discovery (doc. no. 14) is denied. 
 DONE, this the 22nd day of June, 2020. 

 /s/ Myron H. Thompson 
 UNITED STATES DISTRICT JUDGE 

the applicable statute of limitations.” Saxton v. ACF 
Indus., Inc., 254 F.3d 959, 963 (11th Cir. 2001). 
Specifically, Alabama Rule 15(c) provides: “An amendment 
to a pleading relates back to the date of the original 
pleading when ... (4) relation back is permitted by 
principles applicable to fictitious party practice.” 

 8